## McAllister's Appeal.

</div>

1. A creditor taking a security of any kind for his debt may include a stipulation, that he may recover with it the reasonable expenses for collection, including attorney's commissions.

2. A provision for an unreasonable sum would be an evasion of the usury laws, and on principles of equity would not be sustained because oppressive on a necessitous debtor.

3. The power of the court to relieve a needy man against oppressive terms, is that he requires protection against his own agreements with one who relieves him from distress on unconscionable terms.

4. The court should hold a tight rein on stipulations in securities for commissions. Such commissions ought not to exceed 5 per cent.; that rate should not be allowed when the sum is large.

5. On confessions of judgment the courts have summary power to give equitable relief in cases calling for their interposition.

6. The amount agreed on for expenses, &c., in a security is part of the judgment in favor of the plaintiff: a separate judgment cannot be had in favor of the attorney; nor can his commissions be endorsed on the writ as costs.

7. Where a distribution of a debtor's estate is made excluding the commissions, the attorney has no standing in the case to enable him to appeal in his own right.

October 22d 1868. Before Thompson, C. J., Read, Agnew and Sharswood, JJ.

[McAllister's Appeal.]

Appeal from the decree of the Court of Common Pleas of *Crawford county:* Of October and November Term 1868, No. 136.

In the matter of the distribution of the proceeds of the sheriff's sale of the personal estate of Hutchings & Willman.

The appellant was R. S. McAllister, Esq.

The matter had been referred to William J. Morris, Esq., auditor, who found that the amount of money in court, after deducting costs and expenses of audit, was $7471.07. The claims made upon the fund were as follows, viz.: Gridley & Gray, landlords of defendants, for rent, $1500. Also the following judgments entered on warrants of attorney: Gordon, Fellows & McMillan, June 21st 1866, for $2000 with 10 per cent. to attorney for collection.

Same plaintiffs on the same day, for $2000 with 10 per cent. to attorney for collection.

M. L. Washburn, entered June 26th, for $1000 with 5 per cent. to attorney for collection.

Stephen L. Magoun on same day, for $5713.21 with 5 per cent. to attorney for collection.

Fi. fas. were issued on the first two judgments on the 21st of June 1866, and on the last two, in their order as above stated; the attorneys' commissions were endorsed on the writs. The defendants' personal property was sold under all these executions.

The auditor awarded as follows:—

To the landlords, $300:—The amount due on the judgments of Gordon *et al.*, and also to B. S. McAllister, Esq., attorney's commission at 10 per cent., $400:—The amount due on the judgment of Washburne, and also to Messrs. Guthrie and Ewing, attorney's commission at 5 per cent., $50:—and awarded to Magoun's judgment the remainder of the fund, $1565.15 in part satisfaction.

The landlords filed exceptions; amongst others that their claim for rent was not allowed, and that $450 were allowed for attorney's commissions.

The court increased the allowance to the landlords by $450, and disallowed the attorney's commissions altogether.

The appeal was taken from this decree, and it was assigned for error.

*J. Douglass*, for appellant.—The auditor's report as to the rent should have been sustained: Landis *v.* Scott, 8 Casey 495; Stehman's Appeal, 5 Barr 413; Loomis's Appeal, 10 Harris 312; Quain's Appeal, Id. 510; White's Appeal, 12 Casey 314; Miller's Appeal, 6 Id. 478.

As to the attorney's commissions, the landlord only raised the objection, and there was enough to pay him whether the commissions were allowed or not. The allowance for attorney's commis-

sions is proper : Robinson *v.* Loomis, 1 P. F. Smith 78 ; Mahoning Co. Bank's Appeal, 8 Casey 158 ; Huling *v.* Drexel, 7 Watts 126 ; Fitzsimmons *v.* Baum, 8 Wright 32 ; Cash's Appeal, 1 Barr 166.

*J. H. Baker*, for appellee.—The appellant had no judgment, but merely an agreement with the defendants for commissions, which is an evasion of the Act of April 17th 1843, § 1, Pamph. L. 273, Purd. 60, pl. 2, relating to assignments. Robinson *v.* Loomis, *supra*, was a mortgage, and it did not appear there were other creditors : Mahoning Co. Bank's Appeal, *supra*.

The opinion of the court was delivered, January 5th 1869, by SHARSWOOD, J.—The fund for distribution in the court below was raised by the sale of the defendant's personal property by executions issued on two judgments in favor of the plaintiffs. These judgments were confessed respectively "for the sum of $2000 with costs of suit, release of errors, waiving stay of execution, inquisition and exemption, with 10 per cent. to the attorney for collection." The appellant was the attorney of record of the plaintiffs. The only question which properly arises on this appeal is, whether the court below was right in rejecting the claim of the appellant for commissions as stipulated in the confessions of the judgments. As to so much of the decree appealed from as allows the landlord his claim for rent, the appellant is in no way aggrieved thereby, and therefore had no right to appeal. The fund in court was ample, both to pay the landlord and the appellant in their proper order. When this is the case, the only parties interested and entitled to appeal on account of the allowance of a prior claim, are either a creditor whose demand in consequence thereof is not reached in whole or in part, or the original defendants. The allowance of the landlord's claim and the rejection of the appellant's, were in no way connected with each other. Proving that there was no lien for the rent, did not necessarily let in the appellant. It so happened 'that both being the same amount, the reversal by the court of the report of the auditor, admitting the one and rejecting the other in both instances, left the balance for the execution last in order—that of Magoun—the same as before. He was bound to appeal if he was dissatisfied with the decree allowing the landlord his demand for rent, whether the appellant was decreed his commissions or not. The determination of this one question, therefore, disposes of the seven assignments of error.

It ought to be considered as firmly settled by the former decisions of this court, that a creditor, in taking a security from his debtor, whether mortgage, judgment-bond or note, may lawfully include a stipulation that in the event of his being compelled to

resort to legal proceedings to collect his debt, he shall be entitled to recover also with it the reasonable expenses to which he may be subjected, or a reasonable sum or commission on the amount to cover such expenses. In Huling v. Drexel, 7 Watts 126, the mortgage provided, that in case of default the mortgagee might sue forth a writ of scire facias to recover the principal and interest, "and all costs, charges and expenses of every kind," to which he might be put. It was held not to be usurious, nor was it an unlawful stipulation. "The contract here," said Rogers, J., "has nothing in it oppressive to the borrower; it is advantageous to the borrower and lender, when merely intended to enforce a punctual performance of the contract; nor is there the slightest pretence to say that it is intended as a cover to usury. A failure on the part of the borrower, puts nothing in the pocket of the lender; on the contrary, the probability is, he will not be reimbursed the expenses which he may incur. With such stipulations, which are frequently made, persons may borrow money at a less rate of interest, as punctuality is always taken into consideration in fixing the terms of a loan." In Fitzsimmons v. Baum, 8 Wright 32, there was included in the amount to be recovered: "All fees and expenses of such proceedings, including an attorney's commission of 5 per centum," and so was the judgment which was afterwards affirmed without any exceptions having been made as to that matter. In Robinson v. Loomis, 1 P. F. Smith 7, which was also a mortgage, the clause was simply " with 5 per cent. attorney collection fees," and this court, in affirming the judgment, merely say: "The 5 per cent. stipulated to be recoverable as fees to the attorney for collection, can in no sense be regarded as a penalty. It was an agreed compensation for expenses incurred by the mortgagees in consequence of the default of the mortgagor." I have recited these cases at large, to show that this court has set the seal of its approbation on such agreements. I cannot concur in the opinion of the learned judge below, that it is a practice derogatory to the character of the profession, and calculated to demoralize and dishonor it. Nor do I think, that if 5 per cent. can be added for attorney's commissions, that it follows, by any means, that 25 or 50 per cent. may be stipulated for. I have said, the recovery can only be for reasonable expenses or for a reasonable commission, whatever the stipulation may be. Undoubtedly a provision for an unreasonable and extravagant sum would not only be an evasion of the usury laws, but it could be set aside or reduced, independently of those laws under the general powers which courts of equity (and all courts in Pennsylvania are such) exercise in regard to oppressive terms imposed by the creditor on the necessitous debtor. It is applied more particularly to mortgages, but it cannot be doubted that the principle is as well applicable to all other securities for money: 2

[McAllister's Appeal.]

Spence's Eq. Jur. 828; Adms. Eq. 112; Snell's Princ. of Eq. 370. It has been recognised fully in our own books. "The needy borrower," says Huston, J., in Johnson *v.* Gray, 16 S. & R. 265, "is not considered as treating on equal terms with the lender.   *   *   *   The whole power of the court is founded on the idea that a needy man requires protection against the effect of his own agreements with one, who, having the power to release him from present distress, was found too often to grant such relief on unconscionable terms." The court ought to hold a tight rein upon such agreements. The commission ought never to exceed 5 per centum, and even that should not be allowed when the sum collected is large. The jury on the trial have entire control of the amount, and it is not to be feared but they will exercise it whenever the case savors of oppression. On confessions of judgment, the courts have summary power to give equitable relief in cases which call for their interposition.

But it seems plain that the sum thus agreed on is a part of the judgment in favor of the plaintiffs; there was no power in this case to enter a separate judgment in favor of the attorney, nor in point of fact was there any such judgment. The commissions were endorsed on the writ of execution as costs. That this cannot be done was the express decision of this court in Mahoning Co. Bank's Appeal, 8 Casey 158. There, indeed, there had been a trial on a scire facias, and a judgment on a verdict which did not include the commissions. But admitting, by a somewhat strained construction, that the commissions, like the interest, being a mere matter of calculation, may be considered as actually included in the judgment, what standing in the court below had the appellant? He must show some assignment or order from the plaintiffs. The judgment is in their favor. This is not a merely formal and technical objection, but a substantial and important one. For the stipulation in the confession did not relieve the plaintiffs from their liability to their attorney to make compensation for his services, and *non constat* that they have not done so or made other arrangements with him. The recovery of the commission is merely to reimburse them for what they have or may be compelled to pay. Should the whole amount not be collected, it by no means follows that the attorney is to have his full commissions in preference to his own client, and out of the amount coming to him, which certainly would be the case if the form in which the appellant's demand was presented on the record to the court below should be sanctioned.

> Decree affirmed and appeal dismissed at the cost of the appellant.