## Deposit National Bank *v.* Hay, Appellant.

*Bankruptcy—Discharge — Conveyance to bankrupt's wife — Execution against wife's property.*

1. A bankrupt after his discharge in bankruptcy has no standing to complain against an order of the court refusing to stay a writ of execution issued on a judgment entered against him prior to the bankruptcy proceedings and levied upon real estate which had been conveyed to the bankrupt's wife prior to the bankruptcy proceedings, since his rights are in no way affected.

2. Whether the judgment creditor had any right to proceed as he did in view of the discharge of the bankrupt and whether a sheriff's sale of the wife's interest would pass any title in view of the bankruptcy act authorizing the trustee in bankruptcy to recover property fraudulently conveyed by a bankrupt are questions that cannot be raised by the bankrupt.

Argued March 23, 1918. Appeal, No. 72, Jan. T., 1918, by defendant, from order of C. P. Clearfield Co., Sept. T., 1915, No. 308, refusing petition to stay writ of fi. fa., in case of Deposit National Bank v. W. T. Hay. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Petition for order to stay writ of fi. fa. Before BELL, P. J.

The opinion of the Supreme Court states the facts.

The court refused to stay the writ as to certain land standing in the name of Matilda Hay. Defendant appealed.

*Error assigned* was the order of the court.

*John C. Arnold,* for appellant.

*W. C. Miller,* with him *H. B. Hartswick* and *L. E. Boyer,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, October 23, 1918:

W. T. Hay was adjudged a voluntary bankrupt by the District Court of the United States for the Western District of Pennsylvania on November 10, 1915. Some time prior thereto he had conveyed to his brother, Isaac D. Hay, certain real estate situated in the City of Du Bois, and the brother in turn conveyed an interest in it to Matilda M. Hay, the wife of W. T. Hay. At the time of these conveyances the latter was indebted to the Deposit National Bank of Du Bois, and on July 23, 1915, it caused a judgment to be entered against him in the court below for such indebtedness, for which he had given it his judgment note for $2,008.30 on April 13, 1915. A trustee in bankruptcy of Hay's estate was duly elected, and, upon the adjudication of his account, distribution was made among the bankrupt's creditors, the Deposit National Bank receiving its dividend on its judgment. In June, 1916, Hay was discharged from all of his debts, in accordance with the provisions of the Bankruptcy Act. On July 31, 1917, the bank issued an execution on the judgment which it had entered against him, and directed the sheriff to levy upon the real estate which had been conveyed to Matilda M. Hay. This action was taken by the bank on the ground that the conveyance to the wife of the bankrupt through his brother had been made for the purpose of hindering, delaying and defrauding it as one of his creditors. After the sheriff had levied upon the said real estate and advertised it for sale, W. T. Hay presented his petition to the court below, asking that the writ of execution be permanently stayed for the reason that the bank had no right to issue it, in view of his discharge in bankruptcy. Upon due consideration of the petition and the answer of the bank thereto, the court stayed the writ, except as to the real estate upon which the sheriff had levied. From the refusal to stay the writ as to it, Hay, the alleged fraudulent grantor of it, has appealed.

The appellant does not own nor claim to own the real estate upon which the sheriff levied, nor did he claim it as his when his assets were scheduled in the bankruptcy proceeding. It did not appear in that schedule. If the conveyance to his wife was fraudulent and void, it passed to the trustee in bankruptcy; if the conveyance was not fraudulent, the title to it was and is in the wife, safe from attack by her husband's creditors. As the execution was stayed permanently against the appellant personally, and as to any property which he may now own, how has he been aggrieved by the order of the court below, which merely permits the sheriff to sell real estate in which he has no conceivable interest? The execution does not even involve him in costs, as it is process strictly in rem, to which he is a stranger. A sheriff's sale of the real estate levied upon cannot in any way affect him, and, as he has not been aggrieved by the order of the court below refusing to stay the execution as to it, he has no standing here as an appellant: McAllister's Appeal, 59 Pa. 204; Lawrence County's Appeal, 67 Pa. 87; 2 Cyc. 628.

Whether the appellee has a right to proceed as it did in view of the discharge of the appellant in bankruptcy, and whether the sheriff's sale of the interest conveyed to his wife will pass any title, in view of the provisions of the bankruptcy act authorizing a trustee in bankruptcy to recover property fraudulently conveyed by a bankrupt from the person to whom it was transferred, are not questions to be raised by the appellant, for, as just stated, they do not affect him in any of his rights, but they can and in all likelihood will be raised by his wife, if the sheriff's vendee should attempt to eject her from the premises alleged to have been fraudulently conveyed to her.

Appeal dismissed at appellant's costs.