## Commonwealth v. Baughman

*P. K. Shaner*, for exceptant.
*Paul J. Abraham*, contra.

COPELAND, P. J., October 30, 1934.—This is an exception which arises over certain expenses that were charged by the Commonwealth as costs. The exception filed is as follows: "And now, March 12, 1934, comes the defendant, Alice W. Baughman, by her attorney, P. K. Shaner, and appeals from the taxation of costs by Arthur E. Ewing, clerk, and assigns as error the following item: The clerk erred in taxing as costs in the case the bill of William H. Humes, sheriff, in the amount of $114.50, for the expenses involved in the detention of the defendant, Alice W. Baughman."

Alice W. Baughman was arrested and brought before J. A. Walton, an alderman of the City of Greensburg, charged with various misdemeanors.

Following the hearing the alderman ordered her held to answer the charges at the next term of court. She was unable to give bond and the alderman directed that she be committed to the Westmoreland County Jail. After this order was made and before she was committed to

jail, she became ill and was removed to the Westmoreland Hospital in Greensburg instead of being put in jail. So far as the record is concerned it does not appear that she was sent to the Westmoreland Hospital on order of any judge of the court of quarter sessions or at the direction of the district attorney.

Elmer E. Lyon was a codefendant with Alice W. Baughman. When the case was called for trial Alice W. Baughman entered a plea of guilty, and, upon motion of the district attorney, a nol. pros. was entered as to Elmer E. Lyon.

Westmoreland County, if we understand correctly, paid the hospital bill of Alice W. Baughman while she was confined in the hospital, as well as the costs of maintaining guards for her while she remained there. Because the controller presented to the clerk of courts, and the clerk taxed as costs in this case, $21 as hospital bill and $92.50 for guards, making a total of $113.50, Alice W. Baughman has filed an exception to the taxation of these costs.

We are not now called upon to decide whether the county was authorized to pay Alice W. Baughman's hospital bill or whether it was justified in maintaining a guard over her while so confined, or whether she, Alice W. Baughman, may be liable to the County of Westmoreland in a proper action for the sum so paid. The only question here presented is whether the clerk of courts properly included those items in taxing the costs in this case.

The term "costs" in connection with criminal cases has a fairly well defined meaning. It ordinarily includes officers' fees, including constable, justice of the peace, clerk of courts, district attorney as well as certain charges for mileage and fees of witnesses. The charges for these various items are fixed by legislative enactment.

In the case of Williams v. County of Northumberland,

110 Pa. 48, it was held that the words "all costs" did not include the fees and mileage of witnesses called and examined on behalf of defendants in trials for a felony. It was said in that case by President Judge Rockefeller, quoting from page 50, that:

"There is no question better settled in Pennsylvania than that to recover from a county costs accrued in a criminal case it is necessary to show a statute obliging the county to pay, and when this cannot be done an action against the county must fall. In construing the different Acts of Assembly now in force relating to costs in criminal proceedings, the courts have invariably referred to former Acts on the same subject, in order to determine the legislative intent. At the common law a defendant never recovered costs."

The Supreme Court in that case, in a per curiam opinion, quoting from page 54, said that: "Witnesses cannot be paid out of the county treasury, unless so directed by Act of Assembly. Although this view may sometimes operate harshly on a witness, yet the remedy is with the Legislature."

It has been held that a party is not entitled to include in his bill of costs the expense of office copies of deeds and other documents produced on the trial in support of his title: Murphy v. Loyd, 3 Whart. 356.

It has been held that costs of an exemplification of office papers should not be allowed: Christmas v. Biddle, 1 Phila. 68; nor a bill for the service of a surveyor although the surveyor had been appointed by the court: Caldwell v. Miller et al., 46 Pa. 233; nor for the costs of a survey in a writ of sci. fa. on a municipal lien: Moyamensing v. Cox, 1 Bright. Dig. Rep. 445.

In the case of Alexander et al. v. Herr's, Execs., 11 Pa. 537, it was held that compensation has never been recoverable for trouble and expense in conducting a suit and establishing a right.

In Winton's Appeal, 87 Pa. 77, the syllabus reads:

"There is no law in Pennsylvania to warrant the payment as 'costs in the cause' of the fees of counsel for professional services, or of the value of the time bestowed, or the amount of expenses incurred by a party, in its preparation and trial."

See also Kaufmann v. Kirker, 22 Pa. Superior Ct. 201; Smith v. Equitable Trust Co., 215 Pa. 413.

Thus it is to be seen that the term "costs" includes only items connected with the actual presentation of testimony before a justice of the peace and before the court as well as the fees of certain officers.

The county is annually required to expend large sums of money for the maintenance of court facilities, jail and many other items, which could not, without legislative sanction, be taxed by the clerk as part of the costs in criminal cases.

It was said in the case of Whitney et al. v. Jersey Shore Borough, 266 Pa. 537, by Mr. Justice Moschzisker, quoting from pages 547 and 548, that: " 'Without an act of assembly empowering it, the courts cannot create a fee-bill, and it would be usurpation of legislative function to allow, as between party and party, charges to which no statute has given the character of costs.' This authority has been followed in subsequent cases and is the established law of our State."

The latest act of assembly which we have upon the subject of costs is the Act of June 29, 1923, P. L. 973. Section 1 of that act reads in part as follows:

"That all necessary expenses incurred by the district attorneys of any county of this Commonwealth or his assistants, or any officer directed by him, in the investigation of crime and the apprehension and prosecution of persons charged with or suspected of the commission of crime, shall be paid by the respective counties, out of moneys in the county treasury, upon the approval of the bill of expense by the district attorney and the court of their respective counties."

It is apparent from a reading of this act that the costs taxed, to which an exception has been taken in this case, were not incurred by the district attorney or his assistants or any one directed by him in the investigation of crime and the apprehension and prosecution of the defendant. Likewise it is apparent from the record there was no approval of this bill of expense by the district attorney and the court, and that, therefore, the County of Westmoreland was not warranted in paying this bill of costs.

We have made an exhaustive examination of the decisions and the acts of assembly that would authorize the costs to which an exception has been taken to be taxed as part of the Commonwealth's bill. We can find none and there are none.

It is apparent from an examination of the cases of the Supreme and Superior Courts that they have been reluctant to extend the term "costs" beyond its accepted meaning and we find nothing in the authorities cited by the attorney for the controller which would justify the taxing as costs of the expenses incurred in maintaining and guarding a prisoner while in a hospital.

The nearest legislation upon the subject we find in the Act of May 31, 1919, P. L. 356, which in part reads as follows:

"That whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, under sentence of a court of record, and it is shown to the court by due proof that such convict or person is seriously ill, and that it is necessary that he or she be removed from such jail, workhouse, reformatory, or reform or industrial school, the court shall have power to modify its sentence, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered."

This act does not apply to a question such as is raised by this exception, but only to persons confined in certain penal institutions under sentence of a court of record,

where due proof is made that the convict or person is seriously ill and that the sentence of the court should be modified. It does not apply to a person who is not under the supervision of the court.

We view the payment of the bills for hospital care and for guards for the defendant, Alice W. Baughman, while she was in the hospital by Westmoreland County as a voluntary act and one without a statute obliging the county to pay, and a payment that cannot be taxed as a part of the Commonwealth's costs. Therefore, the exception must be sustained.

And now, to wit, October 30, 1934, after due and careful consideration, it is ordered and directed that the exception heretofore filed by Alice W. Baughman to the taxation of certain costs in the above entitled case be and the same is hereby sustained.