## Flood Appeal.

Argued March 7, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE and ERVIN, JJ. (GUNTHER, J., absent).

reargument refused May 2, 1955.

*James Lenahan Brown,* with him *Daniel J. Flood, Joseph V. Kasper* and *Flood & Brown,* for appellants.

No argument was made nor brief submitted for appellee.

OPINION BY WRIGHT, J., April 12, 1955:

Daniel J. Flood and James Lenahan Brown are attorneys who represented three taxpayers in an appeal from the Auditor's Report of the Borough of Exeter for the year 1946. After litigation which continued for a period of over six years,[1] judgment was finally entered in favor of the Borough and against former Borough officials in the amount of $781.00. Following satisfaction of this judgment, the two attorneys above named presented a petition to the lower court praying that a rule be granted upon the Borough "to show cause why a portion of the aforesaid surcharge . . . should not be paid to the attorneys whose work created that fund". Concluding that the petitioners were not entitled to the rule, the lower court refused the application. This appeal followed.

As a general rule, each party to adversary litigation is required to pay his own counsel fees. "There is no law in Pennsylvania to warrant the payment

---

[1] The matter was previously before this Court in *Washcalus Appeal,* 170 Pa. Superior Ct. 20, 84 A. 2d 220.

as 'costs in the cause,' of the fees of counsel for professional services . . . Without an Act of Assembly empowering it, the courts cannot create a fee-bill, and it would be a usurpation of legislative functions to allow as between party and party, charges to which no statute has ever given the character of costs": *Winton's Appeal,* 87 Pa. 77. In quoting this statement with approval, Mr. Justice (later Chief Justice) MOSCHZISKER said: "This authority has been followed in subsequent cases and is the established law of our State": *Whitney v. Jersey Shore Borough,* 266 Pa. 537, 109 A. 767.

We agree with appellants that an exception to the general rule has been recognized if the services of counsel create or protect a common fund. See *Mann v. Wakefield,* 11 Pa. Superior Ct. 18; *Smaltz' Trust Estate,* 142 Pa. Superior Ct. 463, 17 A. 2d 455; *Appeal of J. S. Price and J. B. Townsend,* 116 Pa. 410, 9 A. 856; *Harris's Appeal. Jacoby's Appeal,* 323 Pa. 124, 189 A. 92. However, in the leading case of *Hempstead v. Meadville Theological School,* 286 Pa. 493, 134 A. 103, Mr. Justice (later Chief Justice) KEPHART said: "We have never, under our equitable powers, ordered counsel fees *where no fund or property was before the court for administration or distribution* (italics supplied)".

It should be further noted that the recovery in the case at bar was for the Borough of Exeter. If money is recovered for a school district under similar circumstances, express provision is made in The Public School Code for counsel fees. See section 612 of the Act of March 10, 1949, P. L. 30, 24 PS §6-612. Had the Legislature intended a like rule to apply to boroughs, an appropriate section would have been included in The General Borough Act, Act of July 10, 1947, P. L. 1621, 53 PS §12221, et seq.

The order of the lower court is affirmed.