Commonwealth ex rel. Scherer, Appellant, *v.* Scherer.

Submitted September 28, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*D. M. Garrahan,* for appellant.

*Phillip H. Williams,* for appellee.

OPINION BY HIRT, J., November 13, 1956:

In this habeas corpus proceeding the relator sought to obtain possession of three children from his wife, the respondent. The court after hearing awarded custody of the children to him with the right however of visitation in the respondent. The present collateral proceeding originated in a petition by the wife for an order on the relator for the payment to her of a suitable sum (she asked for $500) with which to pay attorney fees. Relator in his answer averred that since counsel fees in a proceeding of this nature are not sanctioned by any statute, the petitioner is not entitled to an order on him for the payment of fees of her counsel. Since

the above averment of the answer raised a controlling question of law no testimony was taken. But at the hearing it was conceded that respondent had been represented (competently we may assume) by counsel assigned to her by the Legal Aid Service of the Bar Association of Lehigh County. The lower court "in the exercise of its equitable powers" awarded the wife $50 counsel fees and directed relator to pay her that amount. In this there was error.

Costs may be recovered but attorney fees are not costs. If that were not the law, as was said in the early case of *Alexander v. Herr's Executors*, 11 Pa. 537, "Clients would pay liberally out of the pockets of their adversaries". As a general rule, from time immemorial each party to adversary litigation has been required to pay the fees of his counsel. And there are numerous decisions in both our Supreme Court and in our Court which consistently reiterate the rule that it is beyond the power of the court in ordinary adversary proceedings to order the payment of fees of counsel for professional services in the absence of an act of assembly empowering the court to give counsel fees the character of costs. Our latest pronouncement is in *Flood Appeal*, 178 Pa. Superior Ct. 75, 113 A. 2d 349, in which this court speaking through Judge WRIGHT, adhered to the rule that in the absence of statutory provision the courts do not have power to direct payment of counsel fees as costs in a case. And as recently as *Polka v. May*, 383 Pa. 80, 118 A. 2d 154, our Supreme Court in affirming an adjudication refusing specific performance, denied an allowance to a party to compensate for his expenses in retaining counsel to advise and to try his case because "there is no provision in our law" for such allowance.

The order is reversed.