## Brown v. Brown

*Robert B. Brugler,* for relator.

*Houck & Barron,* for respondent.

LEHMAN, P. J., June 24, 1963.—On June 3, 1963, relator filed a petition for a writ of habeas corpus to obtain possession of his three children from his wife, the respondent. June 25, 1963 is the scheduled date for hearing said matter. The present collateral proceeding originated in a petition by the wife filed June 18, 1963, for an order on relator for the payment to her of counsel fees and expenses to obtain medical experts and investigators to prepare her defense in said habeas corpus proceeding. Respondent averred in her petition that her only income is $191.50 per week, which relator, on June 3, 1963, was ordered to pay in a criminal proceeding for support of herself and children. In addition thereto, relator was ordered in said support proceeding to pay the mortgage interest, real estate taxes and fire insurance premiums on the dwelling owned by husband and wife by the entireties and occupied by the wife and said children. Respondent avers that without an allowance of funds for counsel fees, medical experts and investigators she will be at an extreme disadvantage and that relator as a doctor of medicine enjoys a large income.

Relator filed a responsive answer denying having a large income and praying for the discharge of the rule because payment of counsel fees and expenses to obtain medical experts and investigators in a proceeding of this nature is not sanctioned by any statute. No testimony was taken on said rule because of the question of law thus raised.

Our appellate courts have consistently refused to direct payment of counsel fees as costs in a case in the absence of a statutory provision. Commonwealth ex rel.

Scherer v. Scherer, 182 Pa. Superior Ct. 166, 126 A. 2d 483, is controlling in the instant case. In the Scherer case, relator sought to obtain possession of three children from his wife. The wife petitioned for an order on her husband for the payment to her of $500 with which to pay attorney fees: "The lower court 'in the exercise of its equitable powers' awarded the wife $50 counsel fees and directed relator to pay her that amount." On appeal, the Superior Court held that this was error. The court speaking through Hirt, J., stated:

"Costs may be recovered but attorney fees are not costs. If that were not the law, as was said in the early case of Alexander v. Herr's Executors, 11 Pa. 537, 'Clients would pay liberally out of the pockets of their adversaries.' As a general rule, from time immemorial each party to adversary litigation has been required to pay the fees of his counsel. And there are numerous decisions in both our Supreme Court and in our court which consistently reiterate the rule that it is beyond the power of the court in ordinary adversary proceedings to order the payment of fees of counsel for professional services in the absence of an act of assembly empowering the court to give counsel fees the character of costs. Our latest pronouncement is in Flood Appeal, 178 Pa. Superior Ct. 75, 113 A. 2d 349, in which this court speaking through Judge Wright, adhered to the rule that in the absence of statutory provision the courts do not have power to direct payment of counsel fees as costs in a case. And as recently as Polka v. May, 383 Pa. 80, 118 A. 2d 154, our Supreme Court in affirming an adjudication refusing specific performance, denied an allowance to a party to compensate for his expenses in retaining counsel to advise and to try his case because 'there is no provision in our law' for such allowance." (page 168)

Pennsylvania is in accord with the majority of states in refusing to allow to the wife counsel fees and

expenses in the absence of a statute. See 25 Am. Jur., Habeas Corpus, §163, page 256, cumulative supplement.

"Notwithstanding that the proceeding is equitable in nature and for the protection of infants qua infants, the majority of the decisions refuse to allow to the wife counsel fees or expense money. The reasons for the rule are not always fully expounded in the decisions, but the cases apparently proceed on the theory that the writ of habeas corpus traditionally and historically denies the award of counsel fees in the absence of a statute specifically so authorizing. In this respect it partakes of the nature of the usual adversary proceeding wherein, under the American system of jurisprudence, counsel fees cannot be taxed to the opposing party unless by express legislative direction and authority": 82 A. L. R. 2d 1090, annotation.

Costs may be recovered in a habeas corpus proceeding but attorney's fees do not constitute "costs", and it is therefore error, in the absence of a showing that any statute sanctions such award, for a court to order the payment of attorney's fees: 17 P. L. Encyc., Habeas Corpus, §33, pages 311, 312. Expenses to obtain medical experts and the expense of investigators are not costs that may be recovered from the adverse party in a habeas corpus proceeding. However, witness costs and mileage are proper costs and the court has the right to assess such costs as the evidence and circumstances warrant.

We accordingly enter the following:

### Decree

Now, June 24, 1963, rule discharged. Costs of this proceeding shall abide the result of the habeas corpus proceeding. Exception is noted to Houck and Barron, Esquires, counsel for respondent.