453 P.2d 533

In the Matter of Theodore George O'NEIL, Jr., an Infant.

Sandra Jean AYE, Respondent, Appellant,

v.

Theodore George O'NEIL, Petitioner, Appellee.

No. I CA–CIV 915.

Court of Appeals of Arizona.

April 30, 1969.

Steven M. Friedman, Phoenix, for appellant.

Charles C. Stidham, Phoenix, for appellee.

KRUCKER, Judge.

The questions presented in this appeal are (1) whether the trial court has authority to assess attorneys' fees to either divorced parent in a Habeas Corpus proceeding involving custody of a minor child, and (2) if the court does have such authority, was there an abuse of discretion in failing to make such an award?

Appellant, Sandra Jean Aye, and appellee, Theodore George O'Neil, were divorced on May 16, 1967, in the State of Minnesota. Sandra was awarded care, custody and control of the minor child of the parties.

On July 21, 1967, Judge Thomas Tang heard a motion to dismiss the Writ of Habeas Corpus which resulted in an order giving the father visitation rights and provided for a $5,000 bond. On January 3, 1968, the father petitioned the court for a Writ of Habeas Corpus alleging neglect of the minor child by the mother and asking permanent custody of the child in the father. The respondent, appellant herein, made a demand for attorneys' fees.

Hearing on the Writ of Habeas Corpus was held before Judge Jack L. Ogg, and after taking the case under advisement and obtaining a report from the court social worker, on February 27, 1968, Judge Ogg quashed the Writ of Habeas Corpus and denied petitioner's request for permanent custody. Respondent's request for attorneys' fees was also denied, and it was directed that each party pay his own costs.

In 39 Am.Jur.2d Habeas Corpus § 167, it is stated:

"Some jurisdictions permit the allowance of attorneys' fees, although in habeas corpus proceedings involving the custody of a child, in the absence of statute, the majority of the decisions refuse to allow to the wife counsel fees or expense money." 39 Am.Jur.2d Habeas Corpus § 167, at 298.

*Also see,* Annot., 82 A.L.R.2d 1084, at 1091, wherein it is stated:

> " * * * it appears that a wife's attorney may be able to recover from her husband for services rendered the wife in a habeas corpus proceeding to determine the custody of a child of the marriage, on the theory that such services are necessaries for which the husband is liable at common law."

In Commonwealth ex rel. Scherer v. Scherer, 182 Pa.Super. 166, 126 A.2d 483 (1956), it is stated:

> " * * * it is beyond the power of the court in ordinary adversary proceedings to order the payment of fees of counsel for professional services in the absence of an act of assembly empowering the court to give counsel fees the character of costs." 126 A.2d at 484.

39 C.J.S. Habeas Corpus § 106 states the same law as follows:

> "An attorney's fee of the successful party is properly awarded when authorized by statute, but in the absence of express statutory authorization attorney fees are not recoverable. An attorney's fee should not be allowed without inquiry as to the necessity or propriety of the habeas corpus proceeding * * *." 39 C.J.S. at 704.

*See also,* Kraudel v. Benner, 148 Colo. 525, 366 P.2d 667 (1961), and Vanden Heuvel v. Vanden Heuvel, 254 Iowa 1391, 121 N.W.2d 216 (1963).

In our State we have the following statutory law:

> "9 A.R.S. § 25–321. Modification of judgment affecting alimony, support or children
>
> The court may from time to time after entry of final judgment, on petition of either party, amend, revise and alter the portions of the decree which relate to payment of money for the support and maintenance of the wife or the *expenses of the proceedings,* as may be just, and may amend, change or alter any provision of the judgment respecting the care, custody or maintenance of the children of the parties as circumstances of the parents and welfare of the children require." (Emphasis supplied)

We must also look at 9 A.R.S. § 25–371:

> "Whenever the court *in any action* for annulment, divorce, separate maintenance, *or for the support, maintenance and education of children,* orders one of the parties to pay attorney's fees for the benefit of the other for the prosecution or defense of the action, as the case may be, such fees, in the discretion of the court, may be made payable in whole or in part to the attorney entitled thereto. Any such order may be enforced by the court in the same manner as an order made on behalf of any party to the action. * * *" (Emphasis supplied)

Minn.Stat.Anno. § 518.14, as amended reads:

> "In any action brought either for divorce or separate maintenance, the court, in its discretion, may require one party to pay a reasonable amount, necessary to enable the other spouse to carry on, or to defend the action, and to support such spouse and the children during its pendency. The court may adjudge costs and disbursements against either party. The court may authorize the collection of any money so awarded by execution, or out of any property sequestered, or in any other manner within the power of the court. An award of attorney's fees made by the court during the pendency of the action or in the final judgment survives the action and if not paid by the party directed to pay the same may be enforced as above provided or by a separate civil action brought by the attorney in his own name. If the action is dismissed or abandoned prior to determination and award of attorney's fees the court may nevertheless award attorney's fees upon the attorney's motion and such award shall also survive the action and may be enforced in the same manner as last above provided."

It will be noted that A.R.S. § 25–371, adopted in 1956, refers to "* * * any action. * * *"

Minnesota law seems to hold that in application for modification of decree of custody, a former wife may be allowed attorneys' fees. Novotny v. Novotny, 152 Minn. 420, 189 N.W. 258 (1922); and Aske v. Aske, 233 Minn. 540, 47 N.W.2d 417 (1951). *See also*, Molto v. Molto, 242 Minn. 112, 64 N.W.2d 154 (1954) wherein it is stated:

"We have held that we may allow suitable attorney's fees and necessary expense [sic] * * * in divorce cases * * * [And] where a proceeding was instituted to obtain a modification of the provisions of a judgment * * * relating to the custody of children, the application is essentially an incident or step in the continuance of the divorce suit authorizing this court to allow counsel fees." 64 N.W.2d at 158.

We find no Minnesota case directly allowing attorneys' fees in a Habeas Corpus proceeding.

In the proceeding before us on appeal, the petition was brought by the husband, who was unsuccessful in obtaining change of custody. While the Arizona statute governing the final decree of divorce, 9 A.R.S. § 25–319, subsec. A,[1] has no express provision for allowance of attorneys' fees, our court has found this power to be implicit in the statute. Kingsbery v. Kingsbery, 93 Ariz. 217, 379 P.2d 893 (1963).

■ It is our view that our pertinent statutory law is sufficiently broad to permit the allowance of attorneys' fees in a Habeas Corpus action. Under our law, a Writ of Habeas Corpus is a procedural vehicle for modifying an existing divorce decree—usually one rendered in another jurisdiction. While there is a split of authority as to whether the court may order support payments in such a proceeding, *see*, Annot., 17 A.L.R.3d 764, we believe that the better view is that in this type of action such relief should be granted. Howarth v. Northcott, 152 Conn. 460, 208 A.2d 540, 17 A.L.R. 3d 758 (1965). The restrictive view only encourages duplicity of litigation and waste in the administration of justice.

■ As we view it, this action was brought by the husband to modify a Minnesota divorce decree. If the action were brought there, or if it had been brought here to modify an Arizona decree, the court would clearly have had the power to grant expenses of litigation to the former wife. It would indeed be a triumph of form over substance if the husband could avoid any possibility of this liability by choosing as his procedural weapon a Habeas Corpus action to attack the Minnesota decree. We view this as an action within the purview of 9 A.R.S. §§ 25–321 and 25–371. We therefore hold that the trial court in a Habeas Corpus proceeding has the power under proper circumstances and within its sound discretion to award attorneys' fees.

■ However, that there was the power in the trial court does not establish that there was an abuse of this power. In the case before us, we have no transcript of proceedings, and there is no admission in the briefs which would clearly indicate an abuse of discretion. We are unable to determine that there was an abuse of discretion on the part of the trial court in refusing to allow attorneys' fees in this case.

1. A.R.S. § 25–319, subsec. A reads:
"A. In the final judgment of divorce the court may, in addition to division of the common property of the parties or in lieu thereof, direct the husband to pay to the wife such amounts as are necessary for support and maintenance of the wife and minor children of the parties whose custody is awarded to the wife, as may be necessary or proper. The court may adjudge that the amount be paid in one sum or in installments. In the judgment, or in a judgment of annulment, the court may make such disposition of and provision for the minor children as is most expedient under all circumstances for their present comfort and future well-being."

We must therefore hold that there was no abuse of discretion.

Judgment affirmed.

MOLLOY and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.