## Moore v. Walker

*Sanford S. Finder,* for plaintiff.
*Frank C. Carroll,* for defendant.

TERPUTAC, *J.,* September 8, 1983 — Originally, this action was brought by plaintiff, George C. Moore, as a complaint in equity against defendant Jacqueline C. Walker, trading as West Alexander Village Shoppes, seeking restoration to certain leased premises, injunctive relief and compensatory and punitive damages. On December 13, 1979, the court transferred the matter to the law side and directed that it proceed as an action in assumpsit. After all the testimony was heard in a non-jury trial, the court entered judgment in favor of defendant and against plaintiff on the first and third counts. With respect to the matter of the prints, defendant was directed to reimburse plaintiff for their value in the amount of $148.75. No exceptions to the decision having been filed the order became final on November 29, 1982.

Presently, the court considers a motion for rule to show cause filed by counsel for defendant requesting counsel fees against plaintiff. In response, counsel for plaintiff filed an answer denying any basis for recovery of the fees. In order to delineate the issues,

an informal hearing attended by counsel for both sides was held on June 21, 1983. This controversy involves the question whether pursuant to paragraph 15 of the lease agreement dated November 13, 1977, defendant, Jacqueline C. Walker, is entitled to recover fees in the amount of $3,365.15 incurred during the defense of the action. Though defendant raised the issue of attorney's fees in the pleadings under new matter, at trial she failed either to establish a basis for recovery or to introduce evidence of the fees. Aside from the fact that the applicability of paragraph 15 is questionable in the instant circumstances, we find the critical impediment to defendant's recovery was her failure to raise the issue at trial. The decision entered on November 19, 1982, is final and conclusive; it is determinative of all issues raised and those which could have been raised. Husted v. Canton Area School District, ____ Pa. Commw. ____, 458 A.2d 1037, 1039 (1983). Bound by the principles of res judicata, we must deny the motion for counsel fees.

Because of the deterrent effect that effect that fee shifting would have on poor litigants with meritorious claims, Pennsylvania has consistently adhered to a close application of the American Rule which precludes the award of attorney's fees in the absence of certain specific exceptions or statutory allowance, Montgomery Ward and Co., Inc. v. Pacific Indemnity Co., 557 F.2d 51, 58, 59 (3d Cir. 1977); Chatham Communications, Inc. v. General Press Corp., 463 Pa. 292, 344 A.2d 837 (1975). In Corace v. Balint, 418 Pa. 262, 210 A.2d 882 (1965), the Pennsylvania Supreme Court reiterated its position on fees:

'Over and over again we have decided there can be no recovery for counsel fees from the adverse party to a cause, in the absence of express statutory

allowance of the same . . . ,' Smith v. Equitable Trust Co., 215 Pa. 413, 417, 64 A. 591, 592 (1906), or clear agreement by the parties, Fidelity-Philadelphia Trust Company v. Philadelphia Transportation Company, 404 Pa. 541, 548, 173 A.2d 109, 113 (1961), or some other established exception, see Hempstead v. Meadville Theological School, 286 Pa. 493, 134 A. 103, 49 A.L.R. 1145 (1926). Id., at 271-272, 210 A.2d at 887.

Despite defendant's contention that paragraph 15 places plaintiff under a contractual duty to indemnify Walker against "all" claims, including plaintiff's own restorative proceedings, we do not read the clause in a similar manner. Paragraph 15 of the lease provides as follows:

"15 INDEMNITY Tenant agrees to indemnify and save Lessor harmless against any and all claims, demands, damages, costs and expenses, including reasonable attorney's fees for defense thereof, arising from the conduct or management of the business conducted by Tenant in the leased premises, or from any breach or default on the part of Tenant, in the performance of any covenant or agreement on the part of Tenant to be performed pursuant to the terms of this lease, or from any act of negligence committed by Tenant, its agents, contractors, servants, employees, sublessees, concessionaires or licensees, in or about the West Alexander Village Shoppes, including but not limited to the demised premises. In case of any action or proceeding brought against Lessor by reason of any such claim, upon notice from Lessor, Tenant covenants to defend such action or proceeding by counsel reasonably satisfactory to Lessor."

Leases are in the nature of contracts and are thus controlled by principles of contract law, including

the well-settled rules of interpretation and construction. The intention of the parties to a lease is not to be determined by reference to a single word or phrase, but rather by giving every part of the document its fair and legitimate meaning. Cusamano v. Anthony M. DiLuca, Inc., 281 Pa. Super. 8, 421 A.2d 1120 (1980). After examining the substance of the provision, we find paragraph 15 to be a third party indemnification clause intended to hold defendant harmless from any actions brought by third parties against the defendant in connection with the plaintiff's use or possession of the demised premises. Law v. Reading Company, 312 F.2d 841 (3d Cir. 1963). Under the usual interpretation of such a clause, the defendant would be entitled to reimbursement for attorney's fees incurred during the defense of the action brought against the defendant, United States Lines Company v. E. J. Lavino & Company, 198 F. Supp. 483 (E.D. Pa. 1961): Barring those particular circumstances, the defendant is precluded from recovering the fees.

As a general rule counsel fees are not recoverable as costs. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U. S. 714 (1967). In the absence of a statutory provision authorizing the inclusion of counsel fees as costs, the courts do not have the power to direct reimbursement. Com. ex. rel. Scherer v. Scherer, 182 Pa. Super. 166, 126 A.2d 483 (1956). Here, counsel for defendant alleges that plaintiff's consistent failure to make timely rental payments and his institution of the restorative proceedings were acts sufficient to penalize him under the provisions of 42 Pa. C.S.A. §2503 (7) and/or (9). Although we acknowledge that at times Moore exhibited signs of stubborness, his conduct certainly was not arbitrary, vexatious or in bad faith. The applicable sections of the statute provides as follows:

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

. . .

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

To determine the meaning of the statute, we have studied recent decisions analyzing the law and its application. In one case, In Re Estate of Roos, 305 Pa. Super. 86, 451 A.2d 255 (1982), the Pennsylvania Superior Court ruled in favor of an award of attorney's fees, because, unlike the instant case, the defendant had established a cause of action under 42 Pa. C.S.A. §2503 at a hearing.

Under the Statutory Construction Act of 1972, Dec. 6, P. L. 1339, 1 Pa. C.S.A. §1901 et seq, we are required to construe statutory words and phrases "according to rules of grammar and according to their common usage." Habecker v. Nationwide Insurance Co., 299 Pa. Super. 463, 445 A.2d 1222 (1982). Guided by the principles established by the Act, the court has defined the essential elements of the law. Vexatious has been defined in The Webster New Encyclopedia International Dictionary (1975) as "instituted without sufficient grounds and serving only to cause annoyance." Santoro v. City of Philadelphia, 59 Pa. Commw. 114, 122, 429 A.2d 113, 117 (1981). Bad faith has been defined as "fraud, dishonesty or corruption." Frick v. McClelland, 384 Pa. 597, 600, 122 A.2d 43, 45

(1956). The word arbitrary is defined by The Webster's Third New International Dictionary (1976) as "based on random or convenient selection or choice rather than on reason or nature", while obdurate is defined by the same source as "stubbornly persistent in wrongdoing." Based upon this analysis, Moore's actions do not come within the statute.

In an effort to view the statute from several different perspectives, the court has also examined lower court decisions applying the law. In McLaughlin v. Gerdts, 19 D.&C. 3d 293 (1981) the court analyzed the statute in this manner:

In our opinion a fair interpretation of the entire subsection is in reference to a party commencing a cause of action without foundation in law or acting in such a manner during the course of the litigation that was arbitrary, vexatious or in bad faith or placing the opposing party in a position that he is compelled to act for legal relief and the conduct in doing so was arbitrary, vexatious or in bad faith. Id., at 298. It seems that the statute is based upon the common law concept of damages for abuse of process. Id. Where a plaintiff had brought an action or raised a defense in bad faith or vexatiously, wantonly or for oppressive reasons, an award of counsel fees to the defendant was appropriate. Lichtenstein v. Lichtenstein, 481 F.2d 682, 684 (3d. Cir. 1973). In statutory construction the court may consider the occasion and necessity for the statute, the circumstances under which it was enacted, the mischief to be remedied, the object to the attained as well as the former law upon the subject. 1 Pa. C.S.A. §1921.

While we agree with the concept of preventing vexatious suits and obdurate conduct, we do not believe that it is incumbent upon every litigant contemplating an action to anticipate the possibility of paying his opponent's fees. The deterrent effect of

such a policy is entirely unacceptable. A litigant should not be penalized merely because he has instituted or defended a legal action. Summit Valley v. Local 112, 456 U.S. 717 (1982).

Assuming, arguendo, that the defendant had a valid claim pursuant to the provisions of 42 Pa. C.S.A. §2503 (7) and (9), her claim is barred by her failure to raise the issues of fees at trial. The issue of counsel fees as part of the taxable costs of an appeal under the statute is waived if the moving party fails to raise the matter in the trial court. First Pennsylvania Savings Association v. Four Seasons Racquet Club, Inc., 287 Pa. Super. 180, 185 n. 5, 429 A.2d 1160, 1162 n. 5 (1981); In Re Estate of Pitone, 297 Pa. Super. 161, 167 n. 5, 443 A.2d 349, 352 n. 5 (1982).

Under the doctrine of res judicata the decision entered November 19, 1982, was final and conclusive on all the issues. The Pennsyvlania Supreme Court explains the effect of res judicata in Wallace's Estate, 316 Pa. 148, 174 A. 397 (1934):

Broadly stated, the rule of res judicata is that when a court of competent jurisdiction has determined a litigated case on its merits, the judgment entered, until reversed, is, forever and under all circumstances, final and conclusive as between the parties to the suit and their privies, in respect to every fact which might properly be considered in reaching a judicial determination of the controversy, and in respect to all points of law there adjudged, as those points relate directly to the cause of action in litigation and affect the fund or other subject-matter then before the court. Id., at 153, 174 A. at 399. Counsel fees cannot be sued for separately from the principal claim. Goldberg v. Goldberg, _____ Pa. Super. _____, 452 A.2d 838 (1982). To permit a separate claim for fees after judgment has been en-

tered would constitute a splitting of the cause of action. Leomporra v. American Baking Co., 198 Pa. Super. 545, 549, 178 A.2d 806, 807 (1962). It is clear that if attorney's fees are not part of the judgment, a party to that action cannot later recover fees as costs. McAllister's Appeal, 59 Pa. 204 (1868). The court has entered a final valid judgment upon the merits; accordingly, we cannot at this stage of the proceedings entertain a motion for fees. In view of these circumstances and the long-standing prohibition against awarding fees, we deny the motion.

### ORDER

And now, this September 8, 1983, the claims for attorney's fees are denied and the petition or motion is dismissed.

Judgment is hereby entered in favor of George C. Moore and against Jacqueline C. Walker.

Each party shall pay his or her own court costs.