# Hutchinson, Appellant, *v*. Dennis.

*Equity—Equity practice—Multifariousness—Husband and wife.*

A bill in equity by a father against his children is bad for multifariousness, which prays (1) that money deposited in a saving fund in the name of complainant's deceased wife should be declared in fact the property of the husband; (2) that certain real estate in the wife's name should be declared in fact to be complainant's by virtue of a resulting trust from the payment of the purchase money; and (3) that the conveyance of certain other real estate to his children should be rescinded on the ground that it was procured by undue advantage taken of his ignorance.

Where a husband has taken out letters of administration on his deceased wife's estate, and has taken possession of money deposited in a saving fund in the name of his wife, he cannot thereafter by a bill in equity against his children seek to have the ownership of such money established in himself. Having brought himself within the jurisdiction of the orphans' court, he must have his title to the money adjudicated there.

*Ejectment—Rule to bring ejectment—Acts of May 25, 1893, P. L. 131 and June 10, 1893, P. L. 415.*

The Acts of May 25, 1893, P. L. 131 and June 10, 1893, P. L. 415, giving a right to a person in possession of real estate to compel one out of possession but claiming title, to bring an ejectment, are not exclusive of the remedy by a bill in equity.

Where equity has jurisdiction, it is not taken away by a subsequent jurisdiction conferred on courts of law.

Argued Jan. 15, 1907. Appeal, No. 198, Jan. T., 1906, by plaintiff, from decree of C. P. No. 3, Phila. Co., Dec. T., 1905, No. 3,228, dismissing bill in equity in case of Thomas Hutchinson v. Hugh Dennis and Margaret Dennis, his wife, and James Hutchinson and Margaret Hutchinson, his wife, and the Colonial Trust Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to determine title to moneys deposited in a saving fund, to declare a trust in real estate and to cancel deeds.

The bill alleged:

1. That plaintiff's wife died in 1905, and Margaret Dennis and James Hutchinson are their children.

2. Plaintiff can neither read nor write, and during his constant occupation earned considerable money, which he invested in real estate and deposited in the saving funds.

That the money invested in the properties and deposited was the money of plaintiff.

That plaintiff was always the owner of these properties; the deeds to two of them were in his wife's name, although this was unknown to plaintiff.

That the moneys in the saving funds were also that of the plaintiff, but were deposited in his wife's name for convenience in making and withdrawing deposits.

That these properties and deposits were not gifts to the wife.

3. That plaintiff's wife died intestate.

4. That immediately after the death of his wife, plaintiff executed deeds conveying one property to his son and another to his daughter.   These properties were originally in plaintiff's name, and said deeds were executed by plaintiff in consequence of the solicitations and importunities of his children.   Plaintiff was without legal advice and did not know that he was parting with his entire interest in said properties.

5. Plaintiff was advised by his family that he must take out administration on his wife's estate, in order to withdraw the deposits from the saving funds, and was taken by his family to the register of wills and took out letters of administration and deposited the funds in the Colonial Trust Company.   That he was without legal advice in this matter.

6. Prays for reconveyance; that he is the owner of the money deposited, etc.

The demurrer alleged :

1. Plaintiff has remedy at law.

2. The jurisdiction over deposits is in the orphans' court exclusively.

3. Plaintiff's remedy to determine title to the properties in wife's name is at law.

4. The court cannot cancel deeds to the children.

5. Bill is multifarious in joining distinct causes of action.

The court entered a decree dismissing the bill for multifariousness.

*Error assigned* was the decree of the court.

*Wm. H. Burnett*, with him *Wm. H. Wood*, for appellant.

*Daniel A. Stewart*, with him *Charles W. Freedley* and *Albert B. Weimer*, for appellees.

PER CURIAM, April 1, 1907 :

The learned judge below rightly held that as to the money deposited in the saving funds in the name of the wife, the common pleas would have jurisdiction on a proper bill to determine that it was in fact the property of the husband. But the husband having taken out letters of administration on the wife's estate and thereby possessed himself, "got control" of the money, he had brought himself within the jurisdiction of the orphans' court and should have his title to the money adjudicated there.

The claim that the real estate in the wife's name was in fact the complainant's by virtue of a resulting trust from the payment of the purchase money, and his claim to rescind his conveyance of other real estate to his children as procured by undue advantage taken of his ignorance, were proper bases of equity jurisdiction. It does not appear that he was in actual possession, and therefore the acts of 1893 have no apparent application. But even if they were applicable the remedy under them would not be exclusive. Where equity has jurisdiction, it is not taken away by a subsequent jurisdiction conferred on courts of law.

But the two claims were essentially distinct and rested on different grounds. Each must be adjudicated on its own evidence without any reference to the other. The bill was multifarious in joining them, and the demurrer was properly sustained on that ground.

Decree affirmed.