[Civ. No. S. C. 35. Second Appellate District, Division One.—March 4, 1937.]

SECURITY TRUST & SAVINGS BANK (a Corporation), Appellant, v. SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation) et al., Respondents.

Walter M. Campbell and Walter M. Campbell, Jr., for Appellant.

Frank Thunen for Respondents.

BISHOP, J., *pro tem.*—The specific performance of a contract executed in 1885 was decreed in a judgment entered in this action in 1928. By the terms of the judgment the real property involved was to be conveyed by the defendant Southern Pacific Land Company to the plaintiff upon the payment of $31,895.23. It was also provided that if the conveyance was not made within thirty days after the same became final, upon deposit of the sum mentioned the county clerk, as commissioner of the court, should execute a deed. No time was fixed within which the plaintiff was to offer to make payment of the sum of $31,895.23. On an appeal, taken by the defendants, this judgment was affirmed, the opinion making no mention either of the provisions or lack of provision to which we have referred. (*Security Trust &*

*Sav. Bank* v. *Southern Pac. R. R. Co.,* (1931) 214 Cal. 81 [3 Pac. (2d) 1015].)

After the Supreme Court's decision the defendants sought an order fixing a definite time within which the plaintiff would either have to pay the money specified by the decree, or lose its benefits, and when their motion was denied, they appealed. The question on appeal, as framed by the court itself in *Security Trust & Sav. Bank* v. *Southern Pac. R. R. Co.,* (1935) 6 Cal. App. (2d) 585 [45 Pac. (2d) 268], was "should the trial court have rendered its decree more certain by specifying a reasonable time within which the plaintiff would be required to tender the money specified in the judgment so as to entitle it to specific performance of the contract?" The question was answered in the affirmative, the judgment being (p. 590): "The order is reversed, and the court is directed to fix a reasonable time within which the purchase price of the land shall be tendered by the plaintiff, on penalty of vacating the decree for failure to comply therewith."

The present appeal by the plaintiff is from the order which the District Court of Appeal had directed, and which the trial court entered in these words: "Now, therefore, it is hereby ordered that Security First National Bank of Los Angeles, as successor to plaintiff above named, pay unto the defendant Southern Pacific Land Company, or deposit in court for said defendant within 60 days after service of a copy of this order, the sum of $31,895.23, upon the terms provided in the decree herein; and it is hereby further ordered that upon failure of said Security First National Bank of Los Angeles to make said payment or said deposit with the clerk of this court within the time aforesaid, the said decree made herein on the 4th day of June, 1928, will be vacated and set aside.

"Done in open court this 29th day of July, 1935."

We do not look with favor upon any of the arguments appellant advances in support of its desire to have this order reversed. It contends, first, that the trial court had no jurisdiction, after the original judgment became final, to make such an order as that under review. Upon the authority of *Security Trust & Sav. Bank* v. *Southern Pac. R. R. Co., supra,* 6 Cal. App. (2d) 585, we hold that it did have jurisdiction. We are of the opinion, furthermore, that the former

adjudication establishes the law of the case, although the question involved is one of jurisdiction. (*Clary* v. *Hoagland*, (1856) 6 Cal. 685.) Every reason which dictates the principle which we have known by the term "the law of the case", applies to such a situation as this, where upon appeal it has been determined that a trial court has the jurisdiction, in the sense of having the power, to make such an order as we are considering. No change in facts has occurred, since the adjudication in 1931, to make inapplicable as the law of the case the former decision on this question of the inherent right of a court in equity.

Appellant contends that on the question of laches the former ruling on appeal is not the law of the case, because it was based on the erroneous supposition that the motion there involved had been made in 1931, whereas it had been made in 1933. As we view the situation, the question of defendants' laches was not before the trial court upon the last motion, and "the law of the case" is not the question involved. The order appealed from must be understood as having been made in response to the direction of the District Court of Appeal, not as an exercise of the discretion of the trial court. If the judgment of the District Court of Appeal was erroneous, because based on a misinterpretation of the record before it, a correction should have been secured through a petition for a rehearing or a request for a hearing by the Supreme Court. Its judgment, in error or not, became final, and the trial court had no choice but to follow the directions of that judgment. (*In re Heydenfeldt's Estate*, (1897) 117 Cal. 551, 554 [49 Pac. 713].)

This disposes, too, of the contention that the order in providing that the decree shall be vacated if the money is not tendered within sixty days, goes too far, in that it destroys plaintiff's judgment for costs and the provision in the original judgment that defendant land company take nothing by reason of its cross-complaint. The term of the order complained of was included because directed in the judgment of reversal. We might add, however, that the record before us discloses that the original judgment, now final over five years, contains no costs taxed in plaintiff's favor.

By the judgment of the District Court of Appeal, one matter was left to the judicial discretion of the trial

judge: the determination of the time within which plaintiff should tender the sum of $31,895.23. We are unable to find in the record any foundation for the contention that the trial court abused its discretion in fixing sixty days from the service of the order upon the plaintiff as that time.

The order appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 3, 1937.