## Drugash v. Drugash

*S. M. R. O'Hara,* for plaintiff.
*Abram Salsburg,* for defendant.

VALENTINE, J., December 22, 1937.—This is an action of replevin instituted by the husband against the wife. When the case was called for trial, defendant through her

counsel presented her petition averring that it was "necessary for her to have an attorney to properly look after her interest in the above case, but that she has no funds with which to compensate her attorney to look after her interest," and praying that the court make an order directing plaintiff to pay her counsel a reasonable sum for counsel fees. Thereupon a rule was granted to show cause why such allowance should not be made. The case was proceeded with, the trial concluded, and a verdict was rendered in which title to a portion of the goods in controversy was found to be in plaintiff, and title to the remainder of the goods in defendant.

To the petition for counsel fees, plaintiff filed an answer alleging that, in the absence of statutory authority, the court was without authority to make the order requested. Plaintiff's counsel has called our attention to Hackett et al. v. Hackett et al., 104 Pa. Superior Ct. 353, but an analysis of that case shows it did not involve an application by the wife for an order upon her husband to pay counsel fees for her protection in litigation between herself and husband, but that it involved the question of the collection of counsel fees as part of the costs of litigation. As expressed by Judge Stadtfeld at page 356:

"The sole question for our consideration is the right of the chancellor to include the counsel fee aforesaid as part of the expense directed to be paid by the Kensington Trust Company."

Independently of statutory authority, the general rule is that the husband is liable for services rendered by an attorney to his wife in a proceeding necessary to protect the rights of the wife: 13 R. C. L. 1210, sec. 243.

The decision of Judge Fox in Bartholomew v. Bartholomew, 31 Dauph. 136, and our own case of Troback v. Troback, 16 D. & C. 223, sustain the authority of the court to make an order upon the husband for the payment of counsel fees and costs necessary to enable the wife to prosecute or defend an action of replevin instituted by or against her.

In Marakowitz v. Marakowitz, 25 D. & C. 41, Judge Stewart recognized the general rule but refused an allowance because it was not sought until after the trial of the case had been concluded and a verdict rendered in favor of the wife, and at a time when the wife no longer required legal advice or protection.

In the instant case the allowance was not requested until the case was called for trial. Prior to that time the wife had already received legal services in connection with the preparation of the pleadings and perhaps the preparation of the case for trial for which the plaintiff should not now be required to reimburse her as her rights had, to such extent, been fully protected. However, at the time of the presentation of the petition she was still entitled to the services of counsel that her case might properly be presented. We think it clear that the court may properly make an allowance of a reasonable amount to compensate defendant's counsel for services rendered at the trial of the case after the making of the application.

The rule to show cause is made absolute, and it is directed that plaintiff pay to defendant, or her counsel of record, the sum of $50 for services rendered in connection with the trial of the case.