Commonwealth ex rel. Kralik, Appellant, *v.* Kralik.

Argued November 15, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*H. Eugene Gardner,* for appellant.

*Herman J. Tahl,* for appellee.

OPINION BY KELLER, P. J., December 13, 1939:

These appeals grow out of proceedings instituted at the relation of Leopoldina J. Kralik against her husband for her maintenance and support, which resulted in an order against the defendant, entered February 24, 1937, by Judge BONNIWELL, directing him to pay her $5 per week. The order was based on defendant's testimony that he had a weekly income of $19. He swore that some weeks he might make more, about $23, but never as much as $32 to $35. He was employed by a leather company and it was testified that during certain seasons of the year his employment was rather slack. In making the order the court took this fact into consideration and also his physical condition. No appeal was taken from this order and it constituted an adjudication, to be changed only on proof of altered circumstances.

Subsequently, to wit, on March 25, 1937, the defendant filed a petition asking the court to vacate the foregoing order, and on April 6, 1937 his wife, this appellant, filed a petition asking for an increase in the order. These petitions were heard before Judge LEWIS on April 28, 1937. At that time it was shown that the defendant had earned from December 29, 1936 to April 27, 1937 an average net income of $24.90 per week. His employer's paymaster testified that the business was just about to go on full time, when he would earn $31.75 per week. The court held that the order was about right and refused to increase or vacate it. This order, likewise, was not appealed from.

On August 4, 1938, the matter again came up, this time before Judge TUMOLILLO, on defendant's petition to vacate the order and remit arrears of $150. It was

shown that the plant where he was employed had shut down on July 1, 1938, and since then defendant was receiving $15 per week unemployment compensation. The court made a temporary order reducing the support order to $3 and suspending the arrearages, but ordering him to pay $1 a week on account of arrears.

On December 30, 1938 Mrs. Kralik filed her petition praying that the temporary support order of $3 per week be increased, and averring that defendant was then earning in excess of $30 per week. He still owed $69 on account of arrearages.

The court, Judge BONNELLY, dismissed the petition, notwithstanding the defendant was then earning $32.50 per week.

We think the testimony justified the restoration of the order to its original amount of $5 a week. It had been reduced temporarily because of defendant's unemployment, and when he was again employed at wages of $32.50—more than he was earning when the order of February 24, 1937 was made—the old order should have been restored. The burden was then on defendant to show why this should not be done.

We pay little attention to the defendant's statements of his lump earnings for 1937 and 1938 in view of his sworn testimony on February 24, 1937 that he was earning $19 a week, when the paymaster testified on April 27, 1937 that for the week ending January 5 he had been paid $21.25; January 12, $27.42; January 19, $26.39; January 26, $20.47; February 2, $25.24; February 9, $26.66; February 16, $21.41; February 23, $21.65; March 2, $22.05.

Nor do we consider that the record justifies the judge's encomium on the defendant's conduct: "The respondent's record of payments has been very good. While employed he has not shirked his duty to contribute toward the support of his erstwhile (?) wife."

If the judge had examined the record he would have

found that in December 1936 arrears to the amount of $340 were remitted on a prior order; that in August 1938 defendant was in arrears $150, or for 30 weeks; and that in December 1938, with a temporary, reduced order of only $3 a week, he still owed $69 on arrears.

The original order of $5 a week was made with knowledge of the fact that defendant's work was somewhat seasonal; that at certain periods he worked full time and that other times he did not. The average permitted the payment of the order, which is small. The wife is not in good health and unable to do hard work. Our review of the whole record leads us to the belief that defendant has consistently sought to avoid paying his wife the amount ordered to be paid for her support, and should not be encouraged in so doing.

The order appealed from to No. 194 October Term, 1939, is reversed and the order is restored, as of December 30, 1938, to $5 a week.

## APPEAL NO. 357.

There is no authority, statutory or judicial, which requires, or even authorizes, the court to direct a defendant in a proceeding brought by the wife against her husband for support and maintenance, under the Act of April 13, 1867, P. L. 78, and its supplements, to pay for the services of her attorney. Ordinarily the district attorney looks after such proceedings at the expense of the county. If she desires special counsel to represent her, she must pay for his services herself. The matter is not analogous to proceedings in divorce and is not governed by the decisions affecting divorce cases.

The appeal to No. 357 October Term 1939 is dismissed.