Fitzpatrick, Appellant, *v.* Fitzpatrick.

Argued March 23, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*George O'Dougherty,* for appellant.

*H. Eugene Heine,* for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

William J. Fitzpatrick, husband plaintiff, filed a bill in equity to recover household goods which were removed from their home by Marie E. Fitzpatrick, wife defendant. The removal of the goods and their storage were carried out during the absence of the husband and without his consent.

To the bill, an answer was filed denying that the husband had any title to the goods removed and also a counter-claim seeking to recover certain articles personally belonging to her alone and which were still in the husband's possession. Except for certain personal gifts, all furniture and household equipment were owned by entireties and purchased by joint funds of the parties

The trial in equity was held before Judge FLOOD. On July 20, 1955, the chancellor made an adjudication in a decree as follows:

"And now, this 20th day of July, 1955, it is hereby ordered and decreed:

1. That defendant deliver to plaintiff his 8″ Craftsman table saw.

2. That plaintiff deliver to defendant her R.C.A. phonograph, electric toaster, barrel-type chair, pink vase, bedroom lounge chair and photographs.

3. That plaintiff pay defendant the sum of $500.00 as counsel fee and the sum of $67.25 expenses."

As to the personal property owned by entireties, the lower court took the position that it could properly be carried away by either party while the parties were husband and wife.

Exceptions were filed to the decree nisi and after argument before the court en banc they were dismissed and the decree was made absolute. From that decree this appeal was filed.

We have before us for determination two questions.

1. Is the wife entitled to remove furniture and other household goods owned by entireties?

2. Is the amount of $567.25 decreed to the wife as counsel fees and expenses reasonable under the circumstances?[1]

Our main concern is with the first question which, no doubt, involves an element of trust as indicated by a review of the cases cited by both sides. In *Berhalter v. Berhalter*, 315 Pa. 225, 173 A. 172, the issue arose over an estate by entireties of money deposited in a joint account in the name of husband and wife. The wife withdrew $6,000.00 and deposited the sum in another bank in her name alone. The Supreme Court held that the money had been fraudulently withdrawn with the intent of depriving the husband of the use

---

[1] The legal question of the *wife's right* to an order for counsel fees was not raised in the court below or on this appeal. We, therefore, have not considered this question. See *Flood Appeal*, 178 Pa. Superior Ct. 75, 113 A. 2d 349.

thereof; and that although deposited in the wife's own name it was still impressed with its original status of entireties. *Beihl v. Martin,* 236 Pa. 519, 84 A. 953, stands for the rule, as a general principle, that one of the parties cannot destroy the incidents of an entirety by an act; and that the fund withdrawn is subject to the legal status of the estate and has stamped on it all the elements of a trust. The interest of neither party may be affected without notice to both and both are necessary to litigation respecting the assets held by entireties. *Madden et al. v. Gosstonyi Savings and Trust Company,* 331 Pa. 476, 200 A. 624; *Schomaker v. Schomaker,* 247 Pa. 444, 93 A. 460; *Geary v. Geary,* 338 Pa. 385, 12 A. 2d 23.

Defendant cites *DeBernard v. DeBernard,* 384 Pa. 194, 120 A. 2d 176, in support of her contention and the theory adopted by the lower court; but a careful examination of the facts in that case will reveal that the status of an estate by entireties did not exist because it was not lawfully created. In the case before us, the chancellor found that an estate by entireties did exist and his finding is supported by competent evidence. In *Lindenfelser v. Lindenfelser,* 383 Pa. 424, 119 A. 2d 87, the Supreme Court held that an action in equity may be brought by one spouse against the other to protect, as separate property, his interest therein which is held as tenants by the entireties where the one wrongfully excludes the other from any form of possession.

Defendant attempts to draw a distinction between household goods held by entireties and money on deposit and the lower court, in principle, seems to have agreed to the distinction. We are not inclined to agree that there is a distinction as applied to the facts in the case before us. Household goods held by entireties can no more be removed from place of common abode,

depriving the husband or wife of its use, without his or her knowledge or consent than money on deposit in a bank. *Schomaker v. Schomaker,* supra.

The lower court, in arriving at its conclusion, proceeds on the assumption that in this case no fraudulent appropriation of the household goods was established. The record is clear that on November 20, 1954, at a time when her husband was absent from their common home, the wife, accompanied by her two brothers and a third man, went to the said jointly-owned home with a truck. The three men, acting under wife's direction, removed therefrom articles of household furniture and equipment owned by entireties and stored them away, excluding the husband from possession.

To what other conclusion can reason come except wrongful appropriation where, as here, the defendant took possession, assumed exclusive control and deprived plaintiff of all use of the goods? Why was it necessary to surreptitiously store property which properly belonged in the common abode?

The chancellor maintains that the appropriation principle applied to bank account cases cited supra is not applicable where the property or assets involved are household effects. We are again at a loss to see the distinction. Household goods, bank accounts and stocks and bonds are all personalty and all, in our opinion, are subject to the same law governing title to personalty.

In our approach to the second point we find defendant's argument that the $500.00 and $67.25 fee and expenses decreed to her as counsel fees is reasonable and should not be disturbed by this Court. With this point we take no issue. An exercise of discretion by the lower court as to compensation allowed counsel will not be disturbed except under extraordinary circum-

stances involving elements of unreasonableness. In *Rothman v. Rothman,* 180 Pa. Superior Ct. 421, 425, 119 A. 2d 584, Judge ERVIN stated: "the determination of the amount which shall be allowed for counsel fees is a matter of judicial discretion, and the validity of the order depends upon the proper exercise of that discretion." The chancellor in this case was in the best position to judge the reasonable value of legal services rendered on behalf of a wife. The purpose of a reasonable allowance is to give the wife equitable protection of the law and the courts. The factor taken into consideration here was the need of the wife; this was established.

The decree is reversed as to the disposition of the household goods and affirmed on the point of counsel fees and adjudication of separately held property.

The record is remitted to the court below for an appropriate decree consistent with this opinion.