## Hagerty v. Werbos

*Walter Phipps, Jr.,* for plaintiff.
*Wisler, Pearlstine & Talone,* for defendants.

FORREST, J., December 29, 1959.—Plaintiff, a lawyer, began this action in assumpsit against a wife and her husband for professional services rendered to the wife in connection with her marital problems and differences. Plaintiff alleges in his complaint that the wife-defendant employed him on August 12, 1958, that thereafter he "entered into extensive negotiations with the husband, employed counsel in Montgomery County to interpose a defense in a divorce action commenced by the husband, and drafted separation agreements," that his services terminated on June 1, 1959, that the reasonable value of his services, including the retaining of counsel in Montgomery County, is $350. Defendants have filed preliminary objections in the nature of a demurrer contending that plaintiff's services were not "necessaries" and that plaintiff's remedy is by petition for counsel fee in the divorce action and not by separate action in assumpsit. "Legal services are necessaries for which husband is liable where they are necessary to the relief and protection of the wife or her rights . . .": 41 C. J. S. §60, p. 526, citing Diamond v. Mitchell, 9 D. & C. 606 (1926). See also Lubic v. Nerone, 73 Pitts. L. J. 303 (1924).

Plaintiff's remedy is not by petition in the divorce action. "Under our practice, the wife and not the attorney is the proper party to proceed for the failure to pay counsel fees. The right of a wife to require her husband to pay her counsel fees is no more a representative right than her right to compel her husband to give her money to pay her living expenses": Stewart

v. Stewart, 127 Pa. Superior Ct. 567, 573 (1937). For these reasons the demurrer must be overruled.

Defendants have moved for a more specific complaint. They contend that plaintiff is required to: (a) Set forth particularly the differences which existed between defendants; (b) specify in paragraph 3 of his complaint the nature of each item of the work performed, the time and charge therefor; (c) specify the reason for the termination of his services. Items (a) and (c) are evidentiary and not essential to the good form of the complaint. However, the complaint should state the approximate time consumed by plaintiff on behalf of the wife-defendant and, in a general way, the nature of the work performed: Lenahan v. McNelis, 28 D. & C. 45, 46 (1936). Also, in a case such as this where plaintiff's claim includes services rendered by another attorney engaged by plaintiff in connection with defendant's case, it is necessary that the complaint set out the name of associate counsel and the amount paid to him: Bechman v. Hershey Creamery Co., 30 Dauph. 399, at 404 (1927).

The complaint filed in this case is generally in the form suggested by Dunlap-Hanna Pa. Forms, vol. 1, §315, p. 227, and other equally respectable form books. However, Pa. R. C. P. 1019 (a) provides that: "The material facts on which a cause of action . . . is based shall be stated in a concise and summary form." Under the rule, the same as under the prior decisions, cited hereinabove, defendants are entitled to have the complaint drawn more specifically.

And now, December 29, 1959, the preliminary objection in the nature of a demurrer to the complaint is overruled; as to the motion for more specific complaint, parts (a) and (c) are overruled and part (b) is sustained to the extent indicated in the foregoing opinion. Plaintiff is allowed 20 days from this date within which to file an amended complaint. Exception to defendants.