### Shapiro v. Lightman

*Desmond J. McTighe* and *Duffy, McTighe & McElhone,* for plaintiff.

*James P. Geoghegan* and *Geoghegan & Ozorowski,* for defendant.

FORREST, P. J., December 31, 1963.—A law firm brought this action against a husband and his wife to recover attorneys' fees for services rendered to the wife in connection with a nonsupport action and matters relating to their jointly owned property and income tax settlement. Defendant husband filed preliminary objections in the nature of a demurrer, which are now before us.

In the case of a demurrer, every material and relevant fact well pleaded and every inference fairly deducible therefrom are taken as true: Schrader v. Heath, 408 Pa. 79 (1962). Considered in this light, the complaint states the following facts:

Plaintiffs are members of the bar of the Supreme Court of Pennsylvania and of Philadelphia County. They are copartners. Defendants, Morris Lightman and Janis Lightman, are husband and wife, living separately from each other. Wife employed plaintiffs as her attorneys in connection with (1) problems involving her domestic relations with husband, particularly support for herself and their child; (2) certain Federal tax claims flowing from action taken by her husband and (3) problems arising in connection with jointly owned or "marital" property.

Plaintiffs assert that they devoted 284½ hours to the service of plaintiff, that these services were worth $6,000 and that defendant wife paid $1,321.50 on account, leaving an unpaid balance of $4,678.50 for which this suit is brought.

"Ordinarily the district attorney looks after proceedings [brought by a wife against her husband for support and maintenance] at the expense of the county. If she desires special counsel to represent her, she must pay for his services herself": Commonwealth ex rel. Kralik v. Kralik, 137 Pa. Superior Ct. 565, 568 (1939).

On the other hand, " 'Legal services are necessaries for which a husband is liable, where they are necessary for the relief and protection of the wife or in the defense of her good name. Where the conduct of the husband toward his wife makes it necessary that she should apply to the law for protection, the husband will be chargeable for the legal services thereby made necessary in the same way as though he failed to furnish her with proper support' ": 60 C. J. 604, quoted with approval in Lubic v. Nerone, 73 Pitts. L. J. 303, 304 (1924). See also Diamond v. Mitchell, 9 D. & C. 606 (1926); 41 C. J. S. 526, Husband and Wife, §60b.

For the foregoing reasons, the demurrer should be sustained insofar as plaintiffs' claim is based upon services in connection with the nonsupport action which the district attorney would or should have performed. Otherwise, the demurrer should be overruled. Plaintiffs should restate their claim, within proper limitations, in an amended complaint.

### Order

And now, December 31, 1963, the preliminary objections to the complaint are sustained insofar as plaintiffs' claim is based upon services in connection with the nonsupport action; otherwise, the preliminary objections are overruled. Plaintiffs are allowed 20 days from this date within which to file an amended complaint.