Drummond, Appellant, *v.* Drummond, Appellant.

Argued January 16, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

550

*Alexander F. Barbieri,* with him *Carl M. Mazzocone,* and *Barbieri and Sheer,* for plaintiff.

*Bayard M. Graf,* with him *J. Willison Smith, Jr.,* for defendant.

OPINION BY MR. JUSTICE COHEN, June 1, 1964:

The parties are separated but not divorced. Plaintiff-wife brought this bill in equity seeking maintenance from defendant-husband under the Act of May 23, 1907, P. L. 227, §§1, 2, as amended, 48 P.S. §§131, 132 (Supp. 1963), and claiming an interest in certain property held by defendant. In *Drummond v. Drummond,* 402 Pa. 534, 167 A. 2d 287 (1961), we affirmed as modified the lower court's dismissal of defendant's preliminary objections pertaining to the jurisdiction of that court. After trial, the chancellor awarded plaintiff support and an entireties interest in certain real estate, plus counsel fees, while denying her an interest in other real estate and a brokerage account. The court en banc affirmed this determination. Both parties appealed.

Defendant contends that the court below had no power to enter a decree under the Act of 1907 because plaintiff failed to establish the following prerequisites to invocation of the act: (1) that defendant has failed or neglected to support plaintiff, and (2) that defendant separated himself from plaintiff without reasonable cause. This contention goes to the jurisdiction of the court below to entertain this cause of action under the 1907 statute. Defendant failed to raise this issue

in his appeal from the dismissal of his preliminary objections. It is well settled that an objection to jurisdiction over the subject matter may never be lost by estoppel, consent or waiver. *Brenner v. Sukenik,* 410 Pa. 324, 328, 189 A. 2d 246, 248 (1963) ; see 9 Standard Pennsylvania Practice, Ch. 40, §48 (rev. ed. 1962) and cases cited therein. However, we have already adjudicated jurisdictional objections of defendant in his first appeal, supra, as permitted by the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672. See *Creighan v. Pittsburgh,* 389 Pa. 569, 132 A. 2d 867 (1957). That determination is therefore the law of the case as to all jurisdictional objections which were actually raised or might have been raised in that appeal. See *Adams v. Hubbard,* 227 Pa. 304, 76 Atl. 17 (1910) ; 9 Standard Pennsylvania Practice, supra, Ch. 40, §§261, 262. Cf. *Security Trust & Savings Bank v. Southern Pac. R. Co.,* 19 Cal. App. 2d 420, 65 P. 2d 818 (1937) ; *City of Stuart v. Green,* 91 F. 2d 603 (5th Cir. 1937). These include the alleged absence of the jurisdictional prerequisites to invocation of the 1907 statute, even though facts were elicited on trial that may tend to indicate that those prerequisites were lacking. The defendant is therefore barred from raising this issue in this appeal.

It is important to note, however, that the Act of 1907 was passed in order to supplement the usual remedy for non-support—an action in the quarter sessions court as now provided by the Act of June 24, 1939, P. L. 872, §733, as amended, 18 P.S. §4733. See *MacDougall v. MacDougall,* 397 Pa. 340, 343, 344, 155 A. 2d 358, 360 (1959). Under the circumstances of this case, plaintiff's rights could have been amply vindicated by an action in the court of quarter sessions, and the better procedure would have been to institute an action for support in that court. Having failed to raise this question at any time during these proceed-

ings, defendant has similarly lost this basis for objection.

Defendant further argues that the findings of the chancellor entitling plaintiff to the maintenance awarded were not substantiated by the evidence. The court en banc having affirmed the chancellor's findings, they are entitled to the weight of a jury verdict, and we are limited to a consideration of whether such findings are supported by sufficient evidence and whether the court below abused its discretion or committed an error of law. *Reifschneider v. Reifschneider,* 413 Pa. 342, 344, 196 A. 2d 324, 325 (1964). Defendant maintains that the support award exceeds one-third of his earnings—the maximum amount allowable for support in this Commonwealth. It is well settled in Pennsylvania that in determining the basis for the one-third computation, a court may look not only to the husband's actual earnings, but also to his earning power. *Hecht v. Hecht,* 189 Pa. Superior Ct. 276, 150 A. 2d 139 (1959); *Commonwealth ex rel. Zehring v. Zehring,* 186 Pa. Superior Ct. 393, 142 A. 2d 397 (1958). The evidence amply supports the conclusion that defendant's annual earning power is in substantial excess of his actual current annual earnings and that the award of the court below does not exceed one-third of this annual earning power. The award of the court below is in all other aspects supported by the record. The maintenance award is therefore affirmed.

As to plaintiff's claims to the real estate and the brokerage account in issue, defendant maintained in his preliminary objections that these causes of action could not be joined with an action for support under the Act of 1907. This objection was well taken. While our Rules of Civil Procedure are quite liberal in allowing joinder of causes of action cognizable in equity, where two claims are essentially distinct and rest on different grounds each must be adjudicated separately

without any reference to the other. *Komenarsky v. Brode,* 307 Pa. 156, 160 Atl. 713 (1932); *Hutchinson v. Dennis,* 217 Pa. 290, 66 Atl. 524 (1907). The claims of plaintiff to the real estate and the brokerage account, and her claim under the Act of 1907 being essentially distinct, they should have been brought and tried separately and their consolidation constituted a misjoinder of causes of action. Especially is this true in light of our indication above that the maintenance action might better have been brought in the court of quarter sessions which has no jurisdiction over the claims to the real estate and the brokerage account. Accordingly, the lower court's determination on the latter two claims are vacated without prejudice to plaintiff to commence a separate action.

Defendant contends finally that plaintiff was not entitled to the counsel fees awarded her by the court below. We agree. It is the general rule in Pennsylvania that a court is powerless to grant counsel fees in the absence of statutory authorization to the contrary or contractual obligation. See 15 Standard Pennsylvania Practice, Ch. 73, §96 (1939) and cases cited therein; see, e.g., *Rothman v. Rothman,* 180 Pa. Superior Ct. 421, 119 A. 2d 584 (1956) (statutory authorization in divorce proceedings). An exception has been made in actions brought by a wife to recover household goods. See, e.g., *Fitzpatrick v. Fitzpatrick,* 181 Pa. Superior Ct. 581, 124 A. 2d 709 (1956). There is no authority in this Commonwealth for an award of counsel fees in a support proceeding (see *Commonwealth ex rel. Kralik v. Kralik,* 137 Pa. Superior Ct. 565, 568, 9 A. 2d 921, 922 (1939)), and we are not disposed to further erode the sound policy of the general rule above. The award of counsel fees to plaintiff is therefore vacated.

Decrees modified and as modified affirmed.

Mr. Justice ROBERTS dissents.