Linsenberg *v.* Fairman et ux., Appellants.

Argued December 17, 1964. Before ERVIN, WRIGHT, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., and WOODSIDE, J., absent).

*Edward I. Weisberg,* with him *Alan K. Silberstein* and *James Fox,* for appellants.

*Walter W. Rabin,* with him *Marlyn F. Smith,* and *Meltzer & Schiffrin,* for appellee.

OPINION BY WATKINS, J., March 18, 1965:

This is an appeal from the judgment of the Court of Common Pleas of Montgomery County, entered in favor of Herbert M. Linsenberg, plaintiff-appellee, and against Charles Fairman and Joyce Fairman, his wife, defendants-appellants, in the amount of $3144.61 for counsel fees; and from the dismissal of motions for judgment non obstante veredicto and for a new trial.

This appeal arises out of an action in assumpsit brought by the plaintiff, a member of the bar of Philadelphia, against the defendants, husband and wife, for services rendered to the wife in matters that grew out of marital difficulties between the parties, and none of the services were in connection with or involved in a divorce action.

The proceedings instituted against the husband on behalf of the wife were over a period of marital difficulties beginning September 20, 1960 and ending October 11, 1961, and were, an action under The Penal Code of 1939, June 24, P. L. 872, §733, 18 PS §4733; an action in Philadelphia County Court under the Act of 1907, May 23, P. L. 227, as amended, 48 PS §131; defense of action by husband seeking injunctive relief against the Philadelphia proceeding; hearing on support action in Montgomery County; representation of wife in husband's unsuccessful appeal to the Superior Court from the support order of Montgomery County,

as reported in *Com. v. Fairman*, 195 Pa. Superior Ct. 170, 169 A. 2d 311 (1961); petition and hearing for increase of support; petition under the Act of 1907, supra, to attach husband's interest in the parties' real estate; suit in equity to establish wife's interest in certain securities; and negotiations for the sale of the parties' real estate.

The parties reconciled and returned to live together in the family home on November 1, 1961.

The plaintiff sought a total fee of $3000 based on these services which were itemized by case in his complaint but during the course of the trial he changed to time and costs and asked the jury to pay him on a thirty-dollar hourly basis. The jury found for the plaintiff in approximately the amount claimed in his complaint or $3144.61.

The general rule in Pennsylvania is that a court is powerless to grant counsel fees in the absence of statutory authorization or contractual obligation. 15 Standard Pa. Practice, Ch. 73, §96 (1939); *Com. ex rel. Kralik v. Kralik*, 137 Pa. Superior Ct. 565, 568, 9 A. 2d 921, 922 (1939). In *Drummond v. Drummond*, 414 Pa. 548, 200 A. 2d 887 (1964), an action for non-support, the court below awarded support plus counsel fees. The Supreme Court vacated the award of counsel fees. *Com. ex rel. Kralik v. Kralik*, supra, cited with approval by the Supreme Court in the *Drummond* case, supra, held: "There is no authority, statutory or judicial, which requires, or even authorizes, the court to direct a defendant in a proceeding brought by the wife against her husband for support and maintenance, under the Act of April 13, 1867, P. L. 78, and its supplements, to pay for the services of her attorney. Ordinarily the district attorney looks after such proceedings at the expense of the county. If she desires special counsel to represent her, she must pay for his services herself. The matter is not analogous to pro-

ceedings in divorce and is not governed by the decisions affecting divorce cases."

In *Com. ex rel. Scherer v. Scherer,* 182 Pa. Superior Ct. 166, 126 A. 2d 483 (1956), an action for a writ of habeas corpus for custody of three children brought by the husband, a petition was originated by the wife for a suitable counsel fee of $500. The lower court "in the exercise of its equitable powers" awarded the wife $50 for counsel fees. This Court held this to be error, holding that, in the absence of statutory provision the courts do not have power to direct payment of counsel fees as costs in a case. See *Flood Appeal,* 178 Pa. Superior Ct. 75, 113 A. 2d 349 (1955).

The only exception to the general rule has been made in actions brought by a wife to recover household goods. *Fitzpatrick v. Fitzpatrick,* 181 Pa. Superior Ct. 581, 124 A. 2d 709 (1956), but it should be noted that the legal question of the wife's right to an order for counsel fees was not raised in the court below or on appeal to this Court. (See footnote in the *Fitzpatrick* case, at page 583).

The plaintiff contends that there is a distinction between the cases cited and this case where the counsel fees were sued for in an assumpsit action and were not sought by orders in connection with the support matters; and further contends that counsel fees fall within the category of "necessaries" and the wife may recover in an action of assumpsit.

The Act of 1848, April 11, P. L. 536, §8, 48 PS §116, provides, inter alia, that "In all cases where debts may be contracted for necessaries for the support and maintenance of the family . . . it shall be lawful for the creditor in such case to institute suit against the husband and wife for the price of such necessaries, . . .". Such necessaries are not restricted to the bare necessities of life. *Gimbel Brothers, Inc. v. Pinto,* 188 Pa. Superior Ct. 72, 145 A. 2d 865 (1958). But we cannot

see how the language of the Act can stretch the term necessaries, taken from the common law, to include legal services especially when it could have been so easy to include legal fees in the Act as was done in the Divorce Law. The Act refers to *"articles* necessary for the support of the family". (Italics writer's)

The general rule seems to be that legal services are necessaries for which the husband is liable but Pennsylvania has not followed the general rule. 41 C.J.S., Husband and Wife, §60(b), page 526. There are a number of lower court decisions in agreement with the decision in this case that hold legal services to be necessaries. *Hagerty v. Werbos,* 20 Pa. D. & C. 2d 748 (Montgomery County 1959); *Diamond v. Mitchell,* 9 Pa. D. & C. 606 (Allegheny County 1926); *Lubic v. Nerone,* 73 Pitts. L.J. 303 (1924); *Drugash v. Drugash,* 32 Pa. D. & C. 25, 32 Luz. L. Reg. 15 (1937). There are lower court cases to the contrary. *Shapiro v. Lightman,* 83 Montg. Law Reports 161.

The appellate courts in support and marital cases have consistently held that legal services cannot be allowed without statutory authority or contractual obligation. If we now hold that private legal services in such cases are necessaries under the Act we will create a broad new field of litigation.

The Supreme Court in *Drummond v. Drummond,* supra, at page 553, held: "Defendant contends finally that plaintiff was not entitled to the counsel fees awarded her by the court below. We agree. It is the general rule in Pennsylvania that a court is powerless to grant counsel fees in the absence of statutory authorization to the contrary or contractual obligation. See 15 Standard Pennsylvania Practice, Ch. 73, §96 (1939) and cases cited therein: see, e.g., Rothman v. Rothman, 180 Pa. Superior Ct. 421, 119 A. 2d 584 (1956) (statutory authorization in divorce proceedings). An exception has been made in actions brought

by a wife to recover household goods. See, e.g., Fitz-patrick v. Fitzpatrick, 181 Pa. Superior Ct. 581, 124 A. 2d 709 (1956). There is no authority in this Commonwealth for an award of counsel fees in a support proceeding (see Commonwealth ex rel. Kralik v. Kralik, 137 Pa. Superior Ct. 565, 568, 9 A. 2d 921, 922 (1939)), and we are not disposed to further erode the sound policy of the general rule above. The award of counsel fees to plaintiff is therefore vacated."

There is no merit in appellants' complaints of the denial by the court below of the motion for a new trial. As the court below said:

"The defendant husband argues that many of the other legal proceedings started by the plaintiff on behalf of the wife were improper, unnecessary, uncalled for and futile, because they could not have achieved the intended results. There was ample evidence to refute this argument. Expert testimony was presented which supported the propriety of the plaintiff's conduct in bringing these actions. The jury found as a fact that the proceedings were properly brought and there is substantial evidence in the record to form a basis for the finding.

"In support of their motion for a new trial the defendants cite statements made by the trial judge during the presentation of evidence and in the charge as prejudicial. Many of the statements are taken out of context. Many of them were made in answer to arguments made by counsel for the defendants before the jury in connection with objections raised by counsel for the defendants. None of them were prejudicial.

"The verdict was not against the weight of the evidence as the defendants contend. All of the plaintiff's allegations were adequately supported by competent and credible evidence."

The judgment as entered against the wife-appellant is affirmed; the judgment against the husband-appel-

lant is reversed and judgment non obstante veredicto is directed to be entered in his favor.