## Polis v. Briggs

*Philip Polis*, for plaintiff.
*Jerome Balka*, for defendants.

TAKIFF, J., September 30, 1974—This matter is before the court upon defendant Milton W. Briggs' preliminary objections in the nature of a demurrer to plaintiff's complaint in assumpsit. We conclude that the preliminary objections must be granted.

The complaint seeks to enforce a written contingent fee agreement made between plaintiff and defendant, Sylvia Briggs, against both the contracting party and her husband, Milton W. Briggs. The agreement was entered March 9, 1970, after a final decree in divorce had been entered in favor of the husband on January 6, 1970. By its terms, plaintiff-attorney was to represent defendant-wife in support and divorce actions against her husband, for a fee of $500 "for the support action and for any lower court costs incurred in the Divorce action." Further, the retainer agreement provided: "In connection with the Divorce action, in the

event of recovery secured either through settlement or otherwise I agree to pay my attorneys forty per cent of the value of whatever I may receive which is in excess of my entireties share. In the event there is no excess recovery, said attorneys are not to make any charge for services rendered in said Divorce action. In the event an Appeal is required, I agree to pay all appellate costs."

The $500 fee was paid in April of 1970; plaintiff succeeded in securing for Mrs. Briggs a support order of $77.50. Plaintiff alleges that thereafter he negotiated a proposed settlement whereby, if it were consummated, he would have been entitled to $10,000 under the terms of the contingency fee arrangement. This sum, plaintiff orally agreed to reduce to $3,500 to facilitate the proposed settlement. Instead of consummating the proposed settlement, however, the parties became reconciled on December 5, 1970, and on December 24, 1970, the final decree in divorce was set aside by written agreement of the parties witnessed, inter alia, by plaintiff and approved by the court.

The patently obvious answer to the deficiency of the complaint is the fact that the event upon which the contingent fee was *not* to be paid has occurred, namely "In the event there is no excess recovery (over the wife-defendant's entireties share) said attorneys are not to make any charge for services rendered in said Divorce action." On March 12, 1970, plaintiff had filed a petition for a "Rule on the Husband Defendant to Show Cause Why the Final Decree in Divorce Should Not be Opened." Assuming that the wife would have prevailed in an adversary proceeding to that end and the decree thereafter vacated, the services rendered would have then been complete; the fee for those services having been paid, the matter

would then have been at an end. The same result has obtained pursuant to agreement of the parties. No property settlement has been consummated and no fund has been generated to which the contingent fee can attach. Plaintiff seeks to avoid the clear implication of such analysis by pleading that the reconciliation was affected by the marital partners "In the mistaken belief that the wife defendant could avoid payment of what was due the plaintiff by a reconciliation." This allegation not only taxes credibility but, even if accurate, cannot be the basis for attaching liability upon the husband-defendant.

A court is powerless to grant counsel fees in absence of contractual obligation or statutory authority: Linsenberg v. Fairman, 205 Pa. Superior Ct. 136 (1965), at page 138. Defendant, Milton W. Briggs, was not a party to the contingency fee agreement, so his liability, if any, must derive from statutory authority. Plaintiff suggests that 48 PS §116 provides such authority. This provision permits suits against a husband and wife in cases where the wife has contracted for family "necessaries." The present action is not for counsel fees and costs in a divorce action, which have been held the husband's responsibility under the concept that such services are "necessaries," as in Hagerty v. Werbos, 20 D. & C. 2d 748 (1959), and Schofield v. Schofield, 89 D. & C. 162 (1953), but is premised upon an ancillary representation for a negotiated property settlement agreement which was never effected. It is more appropriately in the class of actions contemplated in Linsenberg, supra, where the court held, page 140:

"If we now hold that private legal services in such cases are necessaries under the Act we will create a broad new field of litigation."

Our attention is not directed to any hardship that

will be exacerbated by our refusal to depart from established Pennsylvania Law. To the contrary, the overriding interest in maintaining the marital status, particularly where, as here, minor children are involved, favors encouragement of reconciliation no matter what the alleged motivation in reaching that desired end may be.

Plaintiff retains without any present preliminary objection his action against Mrs. Briggs, whatever the merits thereof may be. Plaintiff's underlying concern in joining Mr. Briggs in this action seems to be that much of his and his wife's property is held as tenants by the entireties. The cash value of any judgment which may be obtained, should he prevail in the action against the wife-defendant alone, is not a matter for present concern in adjudicating the single issue of the husband's legal liability under the complaint in assumpsit now being considered.

Therefore, to wit, September 30, 1974, defendant Milton W. Briggs' preliminary objections are granted and the complaint against him is dismissed for failure to state a cause of action.

## SUPPLEMENTAL OPINION AND ORDER

TAKIFF, J., March 11, 1975—The complaint in this action sought to enforce a written contingent fee agreement made between plaintiff and defendant, Sylvia Briggs, against both the contracting party and her husband, defendant, Milton W. Briggs. By opinion and order dated September 30, 1974, this court granted Milton Briggs' preliminary objections in the nature of a demurrer to plaintiff's complaint. That motion did not include Mrs. Briggs and, presently, she seeks judgment on the pleadings. We believe that the reasoning which supported granting the husband's preliminary

objections extends to encompass his wife's situation and, hence, judgment will be entered in her favor.

The subject contingent fee agreement was entered March 9, 1970, after a final decree in divorce had been entered in Mr. Briggs' favor on January 6, 1970. By its terms, plaintiff's attorney was to represent defendant-wife in divorce and support actions against her husband for a fee of $500 "for the support action and for any lower court costs incurred in the divorce action." The retainer agreement further provided:

"In connection with the divorce action, in the event of recovery secured either through settlement or otherwise I agree to pay my attorneys forty per cent of the value of whatever I may receive which is in excess of my entireties share. In the event there is no excess recovery, said attorneys are not to make any charge for services rendered in said divorce action. In the event an appeal is required, I agree to pay all appellate costs."

Plaintiff succeeded in securing for Mrs. Briggs a support order of $77.50 and was paid the $500 fee in April 1970. Plaintiff avers that thereafter he negotiated a proposed settlement whereby, if it were consummated, he would have been entitled to $10,000 under the terms of the contingency fee agreement. This sum, plaintiff orally agreed to reduce to $3,500 to facilitate the proposed settlement. However, the parties became reconciled on December 5, 1970, and on December 24, 1970, the final decree in divorce was set aside by written agreement of the parties, witnessed, inter alia, by plaintiff and approved by the court.

In our view, the above recitation of facts fails to state a cause of action against either Mr. or Mrs. Briggs. As we pointed out in granting the husband's preliminary objections:

"The patently obvious answer to the deficiency of the complaint is the fact that the event upon which the contingent fee was *not* to be paid has occurred, namely 'In the event there is no excess recovery (over the wife-defendant's entireties share) said attorneys are not to make any charge for services rendered in said divorce action.' On March 12, 1970, plaintiff had filed a petition for a 'Rule on the Husband Defendant to Show Cause Why the Final Decree in Divorce Should Not Be Opened.' Assuming that the wife would have prevailed in an adversary proceeding to that end and the decree thereafter vacated, the services rendered would have then been complete; the fee for those services having been paid, the matter would then have been at an end. The same result has obtained pursuant to agreement of the parties. No property settlement has been consummated and no fund has been generated to which the contingent fee can attach. Plaintiff seeks to avoid the clear implication of such analysis by pleading that the reconciliation was effected by the marital partners 'In the mistaken belief that the wife defendant could avoid payment of what was due the plaintiff by a reconciliation.' This allegation not only taxes credibility but, even if accurate, cannot be the basis for attaching liability upon the husband defendant."

Turning specifically to Mrs. Briggs' situation, it is well established that agreements for contingent fees will not be sustained where they are in violation of public policy: Fulton v. Lancaster County, 162 Pa. 294 (1894). Contingent fee agreements in domestic relations matters are not illegal per se, but the facts in each case must be examined to determine whether the contract is, in fact, contrary to public policy: Kraus v. Naumberg, 36 D. & C. 2d 746 (C. P. Bucks Co., 1964). Under the undisputed facts of the present

matter, allowance of plaintiff's theory that the reconciliation was a device to avoid performance under the agreement would be an abrupt affront to the Commonwealth's policy of encouraging reconciliation of marital conflicts, particularly where, as here, minor children are involved.

And now, March 11, 1975, it is hereby ordered and decreed that defendant Sylvia Briggs' motion for judgment on the pleadings is granted and judgment is entered in her favor.