**UNITED STATES of America**

v.

**Alfred E. Smith O'NEILL and Sally Friedland O'Neill.**

**Civ. A. No. 79–1015.**

United States District Court, E. D. Pennsylvania.

Oct. 31, 1979.

Robert Forster, Alexander Ewing, Asst. U. S. Attys., Philadelphia, Pa., for plaintiff.

R. Jere Bloche, Philadelphia, Pa., for Sally Friedland O'Neill, defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

On March 19, 1979, the government filed a complaint against both defendants seek-ing to recover the costs of legal representation provided Alfred E. Smith O'Neill pursuant to the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. On May 16, 1979, a default judgment was entered against Mr. O'Neill after he failed to file an answer to the complaint. Presented to this Court is the issue of whether defendant's wife, Sally Friedland O'Neill, is obligated, to the extent of her financial ability, to reimburse the government for the cost of the Federal Defender appointed to defend her husband, Alfred E. Smith O'Neill.

The parties have filed a Stipulation of Facts. Defendants Sally Friedland O'Neill and Alfred E. Smith O'Neill were married in November, 1977. In October, 1978, Alfred E. Smith O'Neill was indicted for mail fraud and for making false statements to a federally insured bank, which crimes were alleged to have taken place prior to the date of marriage. In November, 1978, the trial judge in Mr. O'Neill's criminal trial, Criminal Action No. 78–286, after hearing Mr. O'Neill declare that he was indigent, appointed Alan Turner, Assistant Federal Defender, to represent Mr. O'Neill in the criminal proceedings. In March, 1979, Mr. O'Neill was found guilty on all counts of the indictment. Sally Friedland O'Neill has been and is unwilling to pay for her husband's counsel fees. The salaries and expenses of the Federal Defender are paid by the United States through the Administrative Office of the United States Courts. Alfred E. Smith O'Neill and Sally Friedland O'Neill lived together as husband and wife during the course of the criminal proceedings and continue to do so today.

For the following reasons, we grant the government's motion for partial summary judgment, and deny defendant Sally Friedland O'Neill's motion to dismiss.

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1345 [1] and venue lies in this District pursuant to 28 U.S.C. § 1391(b).

1. "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345.

We find that subject matter jurisdiction is proper since the United States government is seeking reimbursement for its costs in providing legal representation to the defendant, Alfred E. Smith O'Neill.

■ The Criminal Justice Act, 18 U.S.C. § 3006A, provides that the government has a statutory right to recover costs in providing counsel to one financially unable to obtain adequate representation if it is found that funds are available for payment from or on behalf of of a person furnished representation. We have examined the history of the statute, but find it silent as to the meaning of the phrase "from or on behalf of." There are no federal cases which interpret the statute. The government contends that, under the authority of *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we should construe that phrase by looking to Pennsylvania law. We disagree. We find that such an interpretation would be inaccurate since *Erie* calls for the application of state law by a federal court when that court is sitting in a diversity of citizenship case. "[I]n all matters except those in which some federal law is controlling, the federal courts exercising jurisdiction in diversity of citizenship cases would apply as their rules of decision the law of the State, unwritten as well as written." *Erie, supra*, at 72–73, 58 S.Ct. at 819. The case *sub judice*, is not a diversity case. Federal jurisdiction arises because the action was brought by the government pursuant to the Criminal Justice Act. In no event could such an action be brought in state court, so there is no requirement to interpret the statute by applying state law.

■ We reach our conclusion in favor of the government, however, by applying the common law of Pennsylvania. In Pennsylvania, a husband has a legal duty to support his wife and children. "When he neglects this duty, one who supplies necessaries for their support is entitled to recover their cost in an action under the common law, which raises an implied promise by the husband to repay." *Jenkins v. Jenkins*, 246 Pa.Super. 455, 371 A.2d 925 (1977). In *Kurpiewski v. Kurpiewski*, 254 Pa.Super. 489, 386 A.2d 55 (1978), the court held that the Equal Rights Amendment to the Pennsylvania Constitution imposes a sex-neutral burden of support. Therefore a wife can be liable for the costs of necessaries provided to her husband so long as it is shown she is capable of bearing the financial burden.

We turn now to the issue of whether legal costs incurred by one spouse during the marriage are considered to be necessaries for which the other spouse is liable. Necessaries were once defined by the common law as being necessary food, drink, clothing, washing, physic, instruction, and a competent place of residence, but "have been expanded to include those things needed and suitable to the rank and condition of the spouse and the style of life they have adopted." 41 Am.Jur.2d § 365, p. 304, (1968).[2]

■ The defendant argues that the wrongful conduct of a spouse that occurred prior to marriage, without the wife's knowledge or involvement frees the wife from paying counsel fees for his criminal defense.

In *State v. Clark*, 88 Wash.2d 533, 563 P.2d 1253 (Wash.1977), a husband was held liable to pay legal services incurred by his wife. The defendant attempts to distinguish this case by concluding that the court's rationale was based on the fact that the husband was aware, prior to the marriage, that his wife-to-be was involved in a criminal trial. However, the Court's decision was not based on whether the husband had knowledge of the wife's pre-marriage crime at the time he married her. The Supreme Court of Washington based its holding instead on the fact that although the legal expense of the wife arose because of an antenuptial act, the debt is not an

---

2. "A determination of the kind and amount of necessaries is made in each case by the means, ability, social position, and circumstances of both husband and wife. . . . [I]t is safe to assert generally that whatever naturally and reasonably tends to relieve distress, or materially and in some essential particular promote comfort, of either body or mind, may be deemed a necessary." 41 Am.Jur.2d § 365, p. 304.

antenuptial debt. *Id.* at 536, 563 P.2d at 1255. In the case *sub judice*, although the husband's criminal act was committed prior to the marriage, the actual expense of defense (the debt) was incurred during the marriage.

The defendant relies on *Linsenberg v. Fairman*, 205 Pa.Super. 136, 208 A.2d 6 (1965), in which the court stated that "[t]he general rule in Pennsylvania is that a court is powerless to grant counsel fees in the absence of statutory authorization or contractual obligation." *Id.* at 138, 208 A.2d at 8. The court then held that there is no authority in Pennsylvania for an award of counsel fees in a support proceeding. The facts of the case *sub judice* are distinguishable from those of the *Linsenberg* case. *Linsenberg* applies only to attorney fees which resulted from interspousal litigation. Additionally, in the case *sub judice*, there is statutory authority for a government entity, such as a county, to recover fees expended in providing an indigent person with legal representation. *See* 62 P.S. § 1973; 19 P.S. § 793.

Further, the weight of authority is that necessaries "include those things needed and suitable to the rank and condition of the spouses and the style of life they have adopted." *Gimbel Brothers, Inc. v. Pinto*, 188 Pa.Super. 72, 78, 145 A.2d 865, 869.

It is apparent that the costs of legal representation are just as important and necessary as the costs of medical expenses for which a spouse would be liable. In *Elder v. Rosenwasser*, 238 N.Y. 427, 428, 144 N.E. 669, 670 (1924), cited in *State v. Clark, supra*, 563 P.2d at 1256, the court held:

> Where a wife living with her husband whom he is obliged to support is arrested on a criminal charge or prosecuted in a civil action which may result in her incarceration, the necessity for a lawyer may be as urgent and as important as the necessity for a doctor when she is sick.

Therefore, legal representation provided to Alfred E. Smith O'Neill was essential and necessary, and his wife Sally Friedland O'Neill has a legal obligation, to the extent of her financial ability, to reimburse the government for its costs in providing legal representation to her husband.