UNITED STATES of America, Plaintiff,

v.

Robert J. CONN, Defendant.

No. 86–CR–10.

United States District Court,
E.D. Wisconsin.

Aug. 4, 1986.

As Amended Aug. 11, 1986.

R. Jeffrey Wagner, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Alan D. Eisenberg, Eisenberg & Kuehl, S.C., Milwaukee, Wis., and Roger Sage, Clintonville, Wis., for defendant.

## DECISION AND ORDER

WARREN, Chief Judge.

On July 17, 1986, a jury for the Eastern District of Wisconsin found the defendant, Robert J. Conn, guilty of the possession of firearms by a felon in violation of 18 U.S.C. App. § 1202(a)(1). Presently pending before the Court is a question concerning the payment of attorney's fees.

The tale of attorneys in this case began on February 25, 1986, when Attorney Roger Sage was appointed as counsel for the defendant. Mr. Sage was selected because the defendant refused to obtain counsel or, alternatively, to appear *pro se*. The Magistrate at the time of Sage's appointment did not inquire into whether the defendant was indigent, but indicated that Conn had to have an attorney or appear *pro se*.

Mr. Sage acted as the defendant's attorney until July 14, 1986. Ultimately, Alan Eisenberg was substituted as attorney. At that time, Attorney Alan Eisenberg appeared with a motion for substitution of counsel. There was some discussion with the Court at that time regarding the propriety of the public paying for Mr. Sage's services as a court-appointed counsel if Mr. Conn or his wife could retain Mr. Eisenberg. Eisenberg, however, was privately

retained. Mr. Sage subsequently submitted to the Court a claim for services and expenses. On July 18, 1986, the Court held a hearing regarding the defendant's ability to pay for the legal services of Mr. Sage. After thoroughly reviewing the evidence presented at the hearing and the law on this issue, the Court finds for the following reasons that Robert Conn has more than sufficient assets because of his wife to pay for the legal services of Roger Sage.

Pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(f), whenever the Court "finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney...." The history of the statute is silent as to the phrase "from or on behalf of." One court, however, has interpreted that phrase to require a wife to pay for the legal representation of her husband. In *United States v. O'Neill*, 478 F.Supp. 852, 854 (E.D.Penn.1979), the court required the wife to pay the legal fees for her husband's criminal defense even though the wrongful conduct of the husband occurred prior to the marriage. The trial occurred after the marriage. The Court relied on the common law in Pennsylvania. In Pennsylvania, "a wife can be liable for the costs of necessaries provided to her husband so long as it is shown she is capable of bearing the financial burden." *Id.* at 854. The *O'Neill* court held that the legal services were necessary. Thus, the wife was responsible for the fees.

■ The law of necessaries was first recognized in Wisconsin in 1871. *Sharpe Furniture, Inc. v. Buckstaff*, 99 Wis.2d 114, 121, 299 N.W.2d 219, 223 (1980). In the 1871 case of *Warner and Ryan v. Heiden*, 28 Wis. 517, the court wrote:

> The husband is under legal obligations to support his wife, and nothing but wrongful conduct on her part can free him from such obligation. If he fails to provide her with suitable and proper necessaries, any third person who does pro-

vide her therewith, may maintain an action against him for the same. 1 Bishop on Mar. and Div., sec. 553. The same learned author, in the next section (sec. 554), thus defines what are necessaries which the husband is bound to furnish to his wife: 'And, in general, we may say, that necessaries are such articles of food, or apparel, or medicine, or such medical attendance and nursing, or such provided means of locomotion, or provided habitation and furniture, *or such provision for her protection in society,* and the like, as the husband, considering his ability and standing, ought to furnish to his wife for her sustenance, and the preservation of her health and comfort.

Necessaries are, thus, not limited to actual physical wants.

When a person is charged with a crime for which incarceration may be a penalty, the necessity for an attorney may be as important as the services of a doctor if that spouse were ill. A person's liberty and freedom is a most cherished right. *Accord Guardianship of Hayes*, 8 Wis.2d 32, 36, 98 N.W.2d 430, 433 (1959). In *Warner*, the Wisconsin Supreme Court "ruled that a husband could be held liable for attorney's fees incurred by his wife in the cause of defending against a criminal charge.... Such legal fees were viewed as necessaries for which the husband was responsible." *Sharpe Furniture, Inc. v. Buckstaff*, 99 Wis.2d 114, 121, 299 N.W.2d 219, 223 (1980) (restating the *Warner* decision).

■ In this case, the evidence reveals that the home in which Mr. & Mrs. Conn live, the twenty acres on which the home is located, the five acres in Vilas County, the four vehicles, the checking account at the Peoples' Bank of Antigo, and the fire claim for $100,000 against United States Fidelity and Guarantee are titled in the name of Glenda Conn. Wisconsin recently enacted the new marital property law. Pursuant to Wis.Stat. § 765.001(2), each spouse has an *equal obligation* to support the other.[1]

---

1. Wis.Stat. § 765.001(2) provides in part:

Under the laws of this state, marriage is a legal relationship between 2 equal persons, a hus-

Glenda Conn has in fact been supporting her husband for several years. Under the new law it is quite apparent that the property which Glenda Conn has titled in her name can and must be used for the support of Robert Conn. Because Wisconsin has recognized that legal services are necessaries, the assets of Glenda Conn can be used to pay for her husband's legal representation.

The Court hereby ORDERS that Robert and/or Glenda Conn pay to the Clerk of Court for the Eastern District of Wisconsin, by August 15, 1986, the sum of $813.36 for the legal services provided to Robert Conn by Roger Sage.

band and wife, who owe to each other mutual responsibility and support. Each spouse has an equal obligation in accordance with his or her ability to contribute money or services or both which are necessary for the adequate support and maintenance of his or her minor children and of the other spouse. No spouse may be presumed primarily liable for support expenses under this subsection.