## Drummond *v.* Drummond, Appellant.

Argued May 25, 1965. Before BELL, C. J., MUSMAN-
NO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Philip P. Kalodner,* with him *Harry Shapiro, Des-
mond J. McTighe, David N. Bressler,* and *Shapiro, Stal-
berg, Cook, Murphy & Kalodner,* for appellant.

*Carl M. Mazzocone,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, October 13, 1965:

This is an appeal from an order of the court below
severing causes of action and granting permission to
plaintiff-appellee to file an amended complaint.

The original action was commenced in June of 1960,
seeking an adjudication of property rights between
plaintiff-wife and defendant-husband, and for support
and maintenance.

Defendant-appellant's objections to the jurisdiction
of the court below were dismissed and this court modi-
fied and affirmed that dismissal. *Drummond v. Drum-
mond,* 402 Pa. 534, 167 A. 2d 287 (1961).

Trial of the case resulted in a decree awarding sup-
port to the appellee and making certain determinations
with regard to interests in realty and personality. An
appeal to this court followed and we vacated those por-
tions of the decree relative to the realty and personality.

*Drummond v. Drummond,* 414 Pa. 548, 200 A. 2d 887 (1964).

We held in that case that appellee's claims to the personalty and real estate and the claim for maintenance were essentially distinct and therefore should have been brought and tried separately, their consolidation constituting a misjoinder of causes of action. We therefore vacated the lower court's determination on the real estate and personalty claims "without prejudice to plaintiff to commence a separate action".

Appellee then petitioned the court below for leave to sever her proscribed claims and for leave to file an amended complaint. Leave was granted and appellant excepted to the order, which exception remains undisposed of by the court below.

The amended complaint was duly filed, but no answer or preliminary objections to the complaint were filed. Appellant, instead, filed the instant appeal.

Appellee filed a motion to quash the appeal, which motion we ordered to be argued at the time of oral arguments on the merits.

It is very clear that this is an appeal from an order to sever separate causes of action, and permitting the filing of an amended complaint. The appellant maintains that he is raising questions of jurisdiction. If this is the case, he has chosen a unique procedure to raise this issue. The Rules of Civil Procedure provide that the way to raise questions of jurisdiction is by preliminary objection.

The proper procedure for the defendant would have been to file preliminary objections to the amended complaint, raising questions of jurisdiction. Pa. R.C.P. 1017.

Inasmuch as the order appealed from is not a final order, being purely interlocutory and not made appealable by statute, the motion to quash will be granted.

Appeal quashed. Each party pay own costs.

DISSENTING OPINION BY MR. JUSTICE COHEN:

In *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A. 2d 252 (1965), we did indicate that under the Pennsylvania Rules of Civil Procedure the exclusive method of raising a question of jurisdiction encompassing lack of jurisdiction over the subject matter or lack of jurisdiction over the person is by preliminary objections in accordance with Pa. R.C.P. 1017. However, I think we should treat the answer to the petition for severance of the causes of action as a preliminary objection to the petition for severance and the amended complaint raising the jurisdiction of the lower court to entertain either the severance petition or the amended complaint. It is clear that by our decision in *Drummond v. Drummond*, 414 Pa. 548, 200 A. 2d 887 (1964), we determined that the claims of the plaintiff to the real estate and the brokerage accounts were vacated. Thereby, we terminated these proceedings as far as those items were concerned in that particular action. Our indication that plaintiff could commence a separate action without prejudice was only protective of the rights of the plaintiff and did not give further vitality to the terminated proceedings. Hence, treating this matter as if Rule 1017 had been complied with and that a proper preliminary objection raising a question of jurisdiction had been filed, I would determine the issue in the appellant's favor.

I dissent.

Mr. Justice EAGEN joins in this dissenting opinion.