KREIDER, P. J.,
— We have before us defendant’s motion for severance of claims and for separate trials on two issues. The motion avers that plaintiff brought this action in assumpsit based upon two distinct causes of action: (1) a claim made under a policy of insurance issued by defendant company, and (2) a claim against defendant upon “an alleged offer of settlement made by an alleged agent of defendant which offer was allegedly accepted by plaintiff.”
Defendant contends that the loss complained of in the complaint is not covered under the provisions of the policy of insurance. Moreover, defendant denies that the person who investigated the accident was defendant’s agent or that an offer of settlement was made or that the alleged agent had the authority to make such an offer.
This case originated in the sinking of plaintiff’s yacht on February 17, 1968, at Castle Marina in Chester, Md. Prior thereto, defendant had issued to plaintiff a “Standard Yacht Policy” which insured both the yacht and personal property thereon from certain specified perils.
In the first three counts of the complaint, plaintiff avers that the galvanized elbow which was connected to a bronze seacock, used for toilet discharge on the said yacht, was corroded from within or decomposing from within due to a process of electrolysis within the elbow, that this corrosion or decomposition caused a rupture in the elbow and permitted the yacht to fill with water and that as a result of this casualty plaintiff sustained damages of $9,000 due to the loss of the yacht and a personal property loss of $886.95.
Defendant in its answer and new matter denies that the losses averred in the complaint were covered by the insurance policy. It alleges that the losses resulted from: (1) negligence by plaintiff in failing to *643 properly service and maintain the vessel; (2) negligence by plaintiff in failing to observe an obviously deteriorating condition; (3) breach of the warranty made by plaintiff in the insurance policy that the vessel would be “laid-up” and out of commission in the winter season; and (4) normal wear and tear and deterioration, which was either not insured against or was specifically excluded from coverage under the policy.
Plaintiff also sets forth in his complaint a separate action based on his claim that George E. Meese, an alleged agent of defendant, offered to settle plaintiff’s claim under the policy by the payment of $8,500 to plaintiff, which offer plaintiff accepted. In its answer, defendant denied that Meese was its authorized agent and maintained that he was an independent contractor whose sole function was to evaluate the nature and the cause of the damage. Defendant also denied that any offer of settlement was made, and further averred that even if such an offer was made, Mr. Meese was without authority to make an offer.
Thereafter, defendant filed its motion for severance of claims, pursuant to Pennsylvania Rule of Civil Procedure 213(b), alleging that trial of this case on both causes of action simultaneously, namely, under the policy and also on the theory of breach of a contract to settle the claim, would considerably prejudice defendant in raising its defenses under the policy and in obtaining the effective participation of Mr. Meese in defense of the claim arising out of the alleged offer and acceptance of a settlement proposal; and that further prejudice to defendant would result from confusion of the triable issues in the case in the minds of the jury and the different problems of evidence and proof arising out of plaintiff’s joinder of separate and distinct claims in one assumpsit action.
*644 Rule 213(b) of the Pennsylvania Rules of Civil Procedure provides, in relevant part, as follows:
“The Court, in furtherance of convenience or to avoid prejudice, may on its own motion or on motion of any party, order a separate trial of any cause of action, claim ... or of any separate issue, . . . claims ... or issues.”
In Goodrich-Amram Standard Pennsylvania Practice it is stated in the comment on rule 213(b)5 that the grant or refusal of a severance is discretionary with the trial court and that an order permitting a severance is interlocutory and not appealable, citing Drummond v. Drummond, 419 Pa. 202 (1965).
Plaintiff’s counsel in his brief contends, however, that this power has been exercised by the courts on the basis of “convenience” only when the necessity for a trial on the second claim is contingent on a favorable verdict in the trial on the first claim.
Plaintiff asserts that in the present case “there are no terminal issues, that both of the causes of action are largely independent in that the unfavorable disposition of the claim under the insurance policy will not preclude a trial of the claim of offer and acceptance of the offer of settlement and, therefore, there should be no separate trials as a matter of convenience. This may be true but it is not the pivotal issue in the case.
Defendant contends that one of the factors prejudicial to it in a single trial would be the jury’s confusion of permissible damage items on plaintiff’s claim under the policy. It asserts that defendant is disputing not only coverage of the loss but the amount of the loss should the jury find coverage; that proof of damages under the policy requires the jury’s consideration of multiple factors, including the costs of raising the vessel, repair and replacement of a multitude of damaged articles, and salvage costs; that, on the other hand, the amount of recovery on the alleged oral settlement *645 contract being fixed at $8,500, a verdict in that amount would be automatic if the jury found that a contract was, in fact, made; that since risk coverage and the amount of any loss covered by a policy being matters within the province of the jury, they should not be permitted to consider disputed damage items on the policy claim with knowledge of the $8,500 figure from the unrelated oral contract claim which they would never reach if policy coverage were found in the first instance, and that to permit the jury to do so, which would be unavoidable in a single trial, would be extremely prejudicial to defendant and can be avoided only by an order for separate trials.
In support of its apprehension of prejudice against it and confusion of the issues if its motion for severance is not granted, defendant cites Ritterson v. Hillegass, 33 D. & C. 2d 64 (Bucks Co., 1964), Fullam, J. There, wrongful death and survival actions were consolidated for trial and a release was pleaded only as to the wrongful death action. The court noted that severance of the issue of fraud in connection with the release would not accomplish the “furtherance of convenience” rationale of rule 213(b), since trial of the survival action would be required in any event. It was argued, however, that a single trial would prejudice defendant by injecting charges of improper conduct of defendant’s insurance adjuster and arouse the jury’s sympathy. The court severed the issues, because whichever way the jury might decide the release question, it would have heard and could not disregard testimony as to the effect of the adjuster’s actions on the aggrieved parents.
In the case at bar, after full consideration of the briefs and oral arguments of counsel, we are of the opinion that the issues and the evidence upon which each of plaintiff’s two claims will be determined are entirely distinct and unrelated and would tend to con *646 fuse the jury and also prejudice defendant if submitted in a single trial. See Galen v. Suritsky, 10 D. & C. 2d 793 (Phila. Co., 1957), Oliver, P. J.
Consequently, we enter the following
ORDER
And now, May 28, 1971, plaintiff’s claim under the policy of insurance is severed from his claim involving an alleged oral settlement agreement. It is directed that a separate trial be had on each claim and that the claim under the policy of insurance be tried first.