**Sennett v. Sennett**

*Joseph A. Hagerty,* for plaintiff.
*Joseph H. Resnick,* for defendant.

GLEESON, J., November 21, 1972.—

### STATEMENT OF THE ISSUES

In this equity action, plaintiff avers that he and defendant were married August 10, 1945, and that on August 5, 1969, a decree of divorce a.m.e.t. was granted by the Common Pleas Court of Philadelphia. He further avers that defendant has exclusive possession of the property at 4029 Lansing Street, Philadelphia, Pa., owned by the parties as tenants by the entireties and that she has deprived him of his rights of ownership. She also has possession of certain E Bonds valued at $1,000 which he owns and which she refuses to turn over to him. He prays for partition of the real estate between the parties and that defendant be directed to turn over the E Bonds to him.

Defendant, by way of answer, new matter and counterclaim avers that plaintiff left her in May of 1965 and that she thereafter brought an action for divorce a.m.e.t. in Court of Common Pleas No. 4, June term, 1965, no. 374. A decree in her favor was entered on August 5, 1969. She further states that after plaintiff left, he failed and refused to provide support for her or to make any payments on their jointly owned real estate. She lists her support and maintenance expenses for the period from June of 1965 to September

30, 1969, at $13,825.46 and counterclaims for this amount.

She prays that plaintiff be required to assign the E Bonds to her as a part payment of this amount and further that, if partition be decreed, she be first paid $12,825.46 out of the proceeds as well as $1,000 for necessary repairs to their property.

In a reply, plaintiff denies that he failed to support defendant and avers that the court placed an order of $35 per week for alimony pendente lite against him in the divorce action and that this has been paid. He asks for dismissal of the counterclaim.

## FINDINGS

The evidence showed that plaintiff left the home of the parties about March of 1965. On June 10, 1965, defendant brought an action in divorce a.m.e.t. against plaintiff. He came back some time in July 1965 and attempted to enter but the locks had been changed by defendant. She testified that he broke in and took some appliances. Plaintiff admitted he made no monthly payments on the mortgage after March 1965. About September 1965, defendant asked plaintiff to come back to the house but upon the condition that normal marital relations were not to be resumed. However, he did not return and the parties have been continuously separated since approximately March of 1965.

Defendant testified to various living and house maintenance expenses for the period June 1965 to September 1969 which amounted to $13,825.46. However, after the divorce action was started on June 10, 1965, an alimony pendente lite order of $35 per week was entered against plaintiff. Subsequent to the granting of the decree of divorce a.m.e.t. August 5, 1969, an order for permanent alimony in the amount of $15 per week was made against him.

## DISCUSSION AND CONCLUSIONS

The entry of the decree in divorce a.m.e.t. did not, of itself, give plaintiff the right to partition of the real estate owned by the entireties by the parties. A decree of divorce a.v.m. does give rise to such a right of partition under the Act of May 10, 1927, P. L. 884, sec. 1, amended by the Act of May 17, 1949, P. L. 1394, sec. 1, 68 PS §501. Under the amending Act of 1949 the divorced parties become tenants in common as to property acquired after the passage of the act. The Act of April 11, 1927, P. L. 181, no. 151, sec. 1, 48 PS §117 (a), provides that a married woman to whom a decree of divorce a.m.e.t. has been granted may dispose of real estate *or any interest therein,* as a feme sole.

The argument may be made that this negates the continued existence of an entireties estate if the wife may transfer "any interest" in the real estate. See Freedman, Law of Marriage and Divorce in Pennsylvania, 2d ed., §§706, 707, and this argument is, in fact, made by defendant here. The more logical interpretation of this act appears to be that she may transfer her own property, not owned by the entireties, without her husband's joinder but that the entireties estate in jointly owned property is not ended.

In this case, plaintiff's right to partition is, therefore, similar to that of an undivorced spouse.

"The right to a sale of and division of the proceeds from realty held by the entireties requires a determination that appellant was wrongfully excluded from the enjoyment of such realty": Reifschneider v. Reifschneider, 413 Pa. 342, 347 (1964).

The requirement of "wrongful exclusion" from enjoyment of the property has been followed in subsequent appellate cases. See Shapiro v. Shapiro, 424 Pa. 120 (1966); Linett v. Linett, 437 Pa. 138 (1970).

Here, the offer by defendant made in September 1965, to have plaintiff live in the property, although separately, negates a wrongful exclusion from "enjoyment of the real estate." Moreover, the entry of the a.m.e.t. decree has given her the right to live apart from plaintiff since its entry on August 5, 1969.

We have here a residential property where the wife now lives and which she has agreed plaintiff may also occupy though in a separated status. Income-producing property where one appropriates all the profits, as in Shapiro v. Shapiro, supra, is not involved. Thus, there has been no manifestation of a "wrongful exclusion" such as to give plaintiff the right to obtain partition.

One other matter must be considered and this arises from the form of defendant's pleading. She does not specifically request that the prayer for partition be denied but asks for allowances and credits in her favor in the event that partition is decreed. In her counsel's brief, however, it is argued that plaintiff's request for partition should be denied.

The situation is different as to the E Bonds. These are registered in the husband's name only, although payable on death to defendant, and they are, therefore, his separate property. It appears that the purchases of these bonds were made by him with his funds. They should, therefore, be returned to him and may not be kept by her as security for alimony payments or past maintenance claims. Defendant's rights to security for the alimony order or any changes therein are not issues in this case and can be brought up for review in the divorce a.m.e.t. proceeding only.

Defendant also counterclaimed for $13,825.46 which she averred was the amount she had expended for her own support and maintenance of the property from June 1965 to September 30, 1969. This claim is made

under the Act of May 23, 1907, P. L. 227, as amended, 48 PS §§131, 132. The act, however, is one governing support of a wife or children by one who has separated himself from them without reasonable cause and has neglected or refused to support them.

This act has been construed in Drummond v. Drummond, 421 Pa. 451 (1966), as limited in its scope, permitting the institution of an equity action by the wife against the husband for support and maintenance but not to be joined with other property disputes between them. The property rights involving partition and the right to possession of the E Bonds should, therefore, be determined separately and the counterclaim dismissed without prejudice.

The counterclaim moreover failed to give any consideration to the amounts paid by plaintiff voluntarily at the beginning of the separation and subsequently upon a court order of $35 per week in alimony pendente lite for the period the divorce action was pending. Also, the order for permanent alimony made in the a.m.e.t. action suspends the right to additional support while the decree is in effect although changes in the amount of the order may be applied for.

The court, therefore, reaches the following conclusions of law:

(a) Plaintiff has failed to establish that he is entitled to partition of the real property owned by the parties as tenants by the entireties.

(b) The $1,000 in E Bonds owned by plaintiff personally and now held by defendant should be returned to him.

(c) Defendant's counterclaim against plaintiff for support, maintenance and expenses incurred, should be dismissed.

## DECREE NISI

And now, November 21, 1972, it is ordered, adjudged and decreed as follows:

(a) Plaintiff's prayer for partition of the property 4029 Lansing Street, Philadelphia, owned by the parties as tenants by the entireties is denied.

(b) Defendant shall within 30 days hereof turn over to Plaintiff the United States Government E Bonds in the amount of $1,000 registered in plaintiff's name and presently held by defendant.

(c) Defendant's counterclaim against plaintiff is dismissed without prejudice.

(d) Each party shall bear his or her own costs.

The prothonotary is directed to enter this decree nisi and to notify the parties or their counsel of record; if no exceptions are filed within 20 days thereafter, the decree nisi shall be entered as the final decree as of course.